FRED D. HEATHER - State Bar No. 110650
fheather@glaserweil.com
AARON P. ALLAN - State Bar No. 144406
aallan@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Respondents

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARMIN AZOD, an individual; DR. RAMEZ ELGAMMAL, an individual; DR. SHANTANU SHARMA, an individual; DR. DONG ZHANG, an individual, and PETER JOHN, an individual,<br><br>Petitioners,<br><br>v.<br><br>JAMES G. ROBINSON, an individual; MORGAN CREEK PRODUCTIONS, INC., a Delaware corporation; CECILIA, LLC; a Delaware Limited Liability Company; GOOD STUFF, LLC; a Delaware Limited Liability Company,<br><br>Respondents. | CASE NO.: 2:22-cv-05214-CAS-MRW<br><br>Hon. Christina A. Snyder<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS**<br><br><br>DATE:        September 26, 2022<br>TIME:        10:00 AM PST<br>COURTROOM:    8D |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

**I.**   INTRODUCTION ........................................................................ 1

**II.**   MEET AND CONFER EFFORTS ................................................ 2

**III.**   PROCEDURAL HISTORY ......................................................... 2

**IV.**   THE DOCTRINE OF FORUM NON CONVENIENS APPLIES TO REQUIRE DISMISSAL OF PETITIONERS' ACTION IN FAVOR OF A NOW PENDING MARYLAND PROCEEDING CONCERNING THE AWARD. ........................................................................... 3

**V.**   COLLATERAL ESTOPPEL APPLIES TO REQUIRE DISMISSAL BASED ON FORUM NON CONVENIENS. ................................... 9

**VI.**   THIS COURT LACKS JURISDICTION TO RESOLVE PETITIONERS' MOTION TO CONFIRM THE FINAL AWARD. ........... 11

    **A.**   The Federal Arbitration Act and New York Convention Do Not Apply to Provide Federal Question Jurisdiction Here. ...................... 11

    **B.**   Even if the New York Convention Were Applicable, the Forum Selection Clause Would Remain Enforceable by the Court and Would Require Dismissal. ................................................... 14

    **C.**   There is a Lack of Diversity Jurisdiction. .......................... 15

    **D.**   The Court's Lack of Jurisdiction is Not Subject to Waiver and May Be Raised at Any Time. ............................................. 16

**VII.**   CONCLUSION ....................................................................... 18

2210660

# TABLE OF AUTHORITIES

Page

## CASES

*Allstate Ins. Co. v. Hughes*,
  358 F.3d 1089 (9th Cir.2004) ................................................. 18

*Arbaugh v. Y & H Corp.*,
  546 U.S. 500 (2006) ........................................................... 17

*Atlantic Marine Construction Co., Inc. v. United Stated District Court*,
  134 S. Ct. 568 (2013) ....................................................... 4, 5

*Badgerow v. Walters*,
  142 S.Ct. 1310 (2022) ......................................................... 11

*Bergesen v. Joseph Muller Corp.*,
  710 F.2d 928 (2d Cir. 1983) .................................................. 13

*Cassell v. Survival Systems USA, Inc.*,
  2008 WL 11335732 (S.D. Cal. July 17, 2008) ................................... 6

*CompuCredit Corp. v. Greenwood*,
  565 U.S. 95 (2012) ............................................................. 6

*Crown Cap. Sec., L.P. v. Liberty Surplus Ins. Corp.*,
  2015 WL 12748815 (C.D. Cal. Mar. 30, 2015) .................................... 8

*Dodd v. Hood River County*,
  59 F.3d 852 (9th Cir.1995) ................................................... 10

*Doe 1 v. AOL LLC*,
  552 F.3d 1077 (9th Cir. 2009) ................................................. 5

*Dole Food Co., Inc. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ................................................. 4

*E. & J. Gallo Winery v. Andina Licores S.A.*,
  446 F.3d 984 (9th Cir. 2006) .................................................. 6

*Gemini Techs., Inc. v. Smith & Wesson Corp.*,
  931 F.3d 911 (9th Cir. 2019) .................................................. 5

*GESPA Nicaragua, S.A. v. Inabata Europe,
  GMBH*, 2019 WL 7340304 (W.D. Tex. 2019) ...................................... 11

*Henderson ex rel. Henderson v. Shinseki*,
  562 U.S. 428 (2011) ........................................................... 17

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ............................................................ 16

*Immersion Corp. v. Sony Comp. Ent. Am. LLC*,
  188 F. Supp 3d 960 (N.D. Cal. 2016) .......................................... 13

2210660

Glaser Weil

**Glaser Weil**

*In re Lebbos,*
   439 B.R. 154 (E.D. Cal. 2010) ............................................................................ 17

*In re Piper Aircraft Dist. System Antitrust Litigation.Van-S-Aviation Corp. v. Piper Aircraft Corp. et al.,*
   551 F.2d 213,  (8th Cir. 1977) ............................................................................ 9

*Jones v. Weibracht,*
   901 F.2d 17  (2d. Cir. 1990) ............................................................................. 15

*Kuntz v. Lamar Corp.,*
   385 F.3d 1177 (9th Cir. 2004) ........................................................................... 17

*Lally v. Allstate Ins. Co.,*
   724 F.Supp. 760 (S.D. Cal. 1989) ...................................................................... 8

*Lueck v. Sundstrand Corp.,*
   236 F.3d 1137 (9th Cir. 2001) ............................................................................ 4

*M/S Bremen v. Zapata Off-Shore Co.,*
   92 S.Ct. 1907 (1972) .......................................................................................... 5

*Ministry of Def. of Islamic Republic of Iran v. Gould Inc.,*
   887 F.2d 1357 (9th Cir. 1989) ..................................................................... 12, 13

*Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.,*
   311 F.3d 488, 496 (2d. Cir. 2002) ..................................................................... 15

*Montana v. United States,*
   440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) .......................................... 10

*Nagrampa v. MailCoups, Inc.,*
   469 F.3d 1257 (9th Cir. 2006) ............................................................................ 5

*Osprey Consulting I, Inc. v. Westport Ins. Corp.,*
   466 F. Supp. 3d 532 (D. Md. 2020) .................................................................... 7

*Oyeniran v. Holder,*
   672 F.3d 800 (9th Cir.2012) ............................................................................. 10

*Padilla Ayala v. Teledyne Defense Electronics,*
   533 F.Supp.3d 920 (2021) ........................................................................... 13, 14

*Rainero v. Archon Corp.,*
   844 F.3d 832 (9th Cir. 2016) ............................................................................ 15

*Richards v. Lloyd's of London,*
   135 F.3d 1289 (9th Cir. 1998) ............................................................................ 6

*Sandstrom v. ChemLawn Corp.,*
   904 F.2d 83 (1st Cir.1990) .................................................................................. 9

*Scherk v. Alberto-Culver Co.,*
   417 U.S. 506 (1974) ............................................................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

2210660

*Sebelius v. Auburn Reg'l Med. Ctr.*,
  568 U.S. 145 (2013) ........................................................................................ 17

*Sinochem Int'l Co., Ltd. v. Malay, Int'l Shipping Corp.*,
  549 U.S. 422 (2007) .......................................................................................... 2

*State Farm Fire & Cas. Ins. Co. v. Ramirez*,
  2010 WL 4975154 (D. Haw. Nov. 29, 2010) ................................................ 17, 18

*Stewart Organization, Inc. v. Ricoh Corp.*,
  487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ........................................ 4

*Trajkovski Inv. AB v. I.Am.Plus Elecs., Inc.*,
  2021 WL 6135742 (C.D. Cal. Dec. 29, 2021) ................................................ 12

*United States v. Cotton*,
  535 U.S. 625 (2002) ........................................................................................ 17

*VGM Fin. Servs. v. Singh*,
  708 F. Supp. 2d 822 (N.D. Iowa 2010) ............................................................ 9

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
  901 F.3d 1081 (9th Cir. 2018) .......................................................................... 5

*Zeevi Holdings Ltd. v. Republic of Bulgaria*,
  2011 WL 1345155 (S.D.N.Y) (2011) .............................................................. 15

## STATE CASES

*Brockington v. Grimstead*,
  176 Md. App. 327, 933 A.2d 426 (2007) ......................................................... 8

*BTR Hampstead, LLC v. Source Interlink Distribution, LLC*,
  194 Md. App. 538, 5 A.3d 142 (2010) ............................................................ 7

*City of Uriah v. Fones*,
  64 Cal.2d 104 (1966) ....................................................................................... 7

*Olnick v. BMG Entertainment*,
  138 Cal. App. 4th 1286 (2006) ........................................................................ 6

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*,
  100 Cal.App. 4th 44 (2002) ............................................................................. 8

## FEDERAL STATUTES

28 U.S.C. § 1332 .............................................................................................. 15

28 U.S.C. § 1332(c)(1) ..................................................................................... 16

9 U.S.C. § 201 .................................................................................................. 13

9 U.S.C. § 202 .............................................................................................. 12, 13

**Glaser Weil**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

2210660

9 U.S.C. § 203........................................................................................ 1, 11

**TREATISES**

Convention on Recognition and Enforcement of Foreign Arbitral Awards, done at
   New York June 10, 1958,
   T.I.A.S. No. 6997 (Dec. 29, 1970)........................................ 11, 12, 13, 14

New York Convention, Article I (June 10, 1958),
   T.I.A.S. No. 6997 (Dec. 29, 1970)...................................................... 11, 13

New York Convention, Article III, (June 10, 1958),
   T.I.A.S. No. 6997 (Dec. 29, 1970).......................................................... 15

Glaser Weil

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

2210660

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Petitioners filed this action after two previous attempts to initiate proceedings in the United States District Court for the Central District of California related to the parties' arbitration agreement ("Agreement").  Both prior attempts were dismissed by the Court, once by Judge Walter based on forum *non conveniens*, and once by Judge Wright based on a prior voluntary dismissal.  The first of these dismissals now bars Petitioners from proceeding in the Central District of California based on the doctrine of collateral estoppel.

The reasons supporting the application of forum *non conveniens* to this action are clearly stated in the Agreement.  Thus, the Agreement provides it must be "governed by and interpreted and enforced in accordance with the laws of Maryland." It further provides that Petitioners "irrevocably" agree that "<u>any action or proceeding</u> arising from or relating to this Agreement may be brought <u>only</u> in the courts of Maryland," and that Petitioners "<u>waive[] any objection</u> to proceeding in such venue." (Emphasis added).  Based on the Agreement's clear forum selection clause, Respondents filed an action to vacate the Award in Maryland on June 1, 2022 (almost two months prior to Petitioners' filing of the instant action).  That already pending action should be permitted to proceed, not only because it is the parties' agreed upon and selected forum but also because the resolution of that Maryland proceeding may moot the present action.

This action should also be dismissed based on the Court's lack of subject matter jurisdiction.  There is neither federal question nor diversity jurisdiction supporting this action.  Petitioners rely upon New York Convention as a basis for federal question jurisdiction under 9 U.S.C. section 203, but the Convention does not apply where, as here, the award at issue was made in the United States rather than in a foreign signatory state.  Petitioners also rely upon diversity jurisdiction, but complete diversity is lacking here because Respondent Morgan Creek Productions, Inc. has its

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

1   principal place of business in California, which is the same citizenship of three of the

2   Petitioners.[1]

3   **II.     MEET AND CONFER EFFORTS**

4          This motion to dismiss is made following the conference of counsel pursuant to

5   L.R. 7-3 which took place on August 15, 2022.  Declaration of Fred Heather

6   ("Heather Decl.") ¶2.

7          Notably, and despite their statement to the contrary, Petitioners failed to meet

8   and confer in advance of filing their application to confirm the Award in this Court.

9   Id.

10  **III.    PROCEDURAL HISTORY**

11         1.     In March 2016, Petitioners filed a First Amended Complaint against

12  respondents in the United States District Court, Central District of California, based

13  on a transaction ("Agreement") by which respondent Cecilia LLC purchased

14  Novoform Technologies, LLC and certain assets owned by it (the "2016 Action").

15  Heather Decl. Exh. B.

16         2.     Respondents moved to compel arbitration and to dismiss the 2016 Action

17  for improper venue, citing to the forum selection clause in the Agreement.  The

18  District Court agreed, ordering the parties to arbitrate and dismissing the 2016 Action

19  based on the doctrine of forum non conveniens.  Heather Decl. ¶5, Exhs. C, D and E.

20         3.     The arbitration resulted in a Partial Final Award (the "Partial Final

21  Award").  In November 2019, Respondents filed a Petition to Confirm the Partial

22  Final Award in the United States District Court, Central District of California (the

23  "2019 Action").  See Petitioners' Motion, Exh. 9. Petitioners then successfully moved

24  to stay that proceeding until completion of the Arbitration.  Petitioners' Motion Exhs.

25  10-11.

26  ────────────────────

27  [1] Respondents' principal argument for dismissal here is based on the doctrine of
    forum non conveniens.  A federal court may dismiss a case on that ground without
    first resolving a threshold issue of jurisdiction.  *Sinochem Int'l Co., Ltd. v. Malay,*

28  *Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

2210660

4.     The arbitration proceeded to a final award which was entered by the arbitrator on May 18, 2022 (the "Final Award").  Petitioners' Motion, Exh. 1. Respondents filed a petition in Maryland state court to vacate the Final Award on June 1, 2022.  Heather Decl. ¶7, Exhibit I.

5.     The 2019 Action was later voluntarily dismissed by Respondents on June 6, 2022.  Heather Decl. Exh. F.  Petitioners moved to vacate that dismissal. Heather Decl. Exh. G.  U.S. District Judge Wright struck Petitioners' Motion to Vacate.  Heather Decl. Exh. H.

6.     Petitioners filed this current action on July 27, 2022, and served it by waiver of service on August 16, 2022.

## IV.     THE DOCTRINE OF FORUM NON CONVENIENS APPLIES TO REQUIRE DISMISSAL OF PETITIONERS' ACTION IN FAVOR OF A NOW PENDING MARYLAND PROCEEDING CONCERNING THE AWARD.

Conspicuously absent from Petitioners' application is any mention of the forum selection clause contained in the parties' underlying Agreement:

> **20.     Governing Law.**  This Agreement shall be governed by and interpreted and enforced in accordance with the laws of the State of Maryland without reference to its conflict of laws provisions; and each Party irrevocably (i) agrees that any action or proceeding arising from or relating to this Agreement may be brought only in the courts of Maryland, (ii) consents, for itself and in respect of its property, to the jurisdiction of such courts in any such action or proceeding, and (iii) waives any objection to proceeding in such venue, including that the forum is inconvenient.

Heather Decl. ¶3, Exhibit A (underline emphasis added).

Under Section 21 of the Agreement, all disputes or claims arising out of or related to

Glaser Weil

2210660

the Agreement must be arbitrated in the State of Maryland through JAMS. *Id*. But under Section 20, any action relating to enforcing or challenging that arbitration award must be filed in <u>court</u>, and the Agreement provides that Maryland state court (the "courts of Maryland") is the only proper forum for seeking such relief.

The "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atlantic Marine Construction Co., Inc. v. United Stated District Court*, 134 S. Ct. 568, 580 (2013). "A party moving to dismiss based on forum non conveniens bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002). A plaintiff's choice of forum will *ordinarily* not be disturbed unless the "private interest" and "public interest" factors strongly favor proceeding in a foreign jurisdiction. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atlantic Marine*, 134 S.Ct. at 581 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). If an enforceable forum selection clause applies, the burden shifts to the plaintiff to show that the public-interest factors "overwhelmingly disfavor" dismissal. *Id*. at 583. When a dispute is governed by a valid forum selection clause, the clause should be "given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 134 S.Ct. at 581 (citation omitted).

Thus, "a court must deem all factors relating to the private interests of the parties (such as the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive') as weighing 'entirely in favor of the preselected

4

2210660

forum.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087-88 (9th Cir. 2018) (quoting *Atlantic Marine*, 134 S.Ct. at 582). "While a court may consider factors relating to the public interest (such as 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law,' those factors will rarely defeat a transfer motion." *Id*. at 1088 (internal citations omitted).

In sum, "only under extraordinary circumstances unrelated to the convenience of the parties should a motion to enforce a forum-selection clause be denied." *Id*.  In evaluating such "extraordinary circumstances" or "exceptional reasons," courts consider the Supreme Court's "prior guidance on this issue" in *M/S Bremen v. Zapata Off-Shore Co.*, 92 S.Ct. 1907 (1972) ("Bremen"). *Yei A. Sun*, 901 F.3d at 1088. Forum selection clauses may be held unenforceable under federal law if the litigant makes "a strong showing" that (1) its inclusion in a contract was the product of fraud or overreaching, (2) enforcement would contravene a strong public policy of the forum in which suit is brought, or (3) trial in the contractual forum will be so gravely difficult and inconvenient that the litigant will for all practical purposes be deprived of his day in court. *Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915 (9th Cir. 2019) (discussing *Bremen* factors). Nevertheless, a "forum selection clause is presumptively valid; the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which we will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (*quoting Bremen*, 407 U.S. at 17). Additionally, a party may overcome the presumption that an arbitration clause is valid and enforceable by raising "generally applicable [state law] contract defenses, such as fraud, duress, or unconscionability." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1268, 1287-88 (9th Cir. 2006).  The Supreme Court clarified that the fraud exception "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is

5

unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998).

Petitioners cannot prevail based on any of these factors.  Thus, Petitioners do not even attempt to plead or show that inclusion of the forum selection clause in the subject Agreement was a product of fraud.  Nor do Petitioners plead any argument that enforcement of the forum selection clause would contravene a strong California public policy or that enforcement proceedings in the selected forum (Maryland) would "be so gravely difficult and inconvenient that [Petitioners] will for all practical purposes be deprived of [their] day in court."  There is nothing about proceeding in Maryland state court that would be inordinately difficult for Petitioners as compared to California.  Indeed, as they point out in their motion, one of the Petitioners is a citizen of the United Kingdom.  Nor can Petitioners point to any public policy disfavoring the enforcement of this forum selection clause. Indeed, federal law favors enforcement of these clauses.  *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 992 (9th Cir. 2006); *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012). California courts also routinely enforce forum selection clauses so long as they are not unfair or unreasonable. *Cassell v. Survival Systems USA, Inc.*, 2008 WL 11335732, *2 (S.D. Cal. July 17, 2008) (*citing Olnick v. BMG Entertainment*, 138 Cal. App. 4th 1286, 1294 (2006)).

Petitioners avoid these arguments because they know that they have been already rejected by the United States District Court in this very same matter.  When Petitioners originally filed their action against Respondents, they proceeded with a first amended complaint filed in this Court in March 2016.  Heather Decl. Exh. B. Respondents moved to dismiss that action with a motion to compel arbitration and to dismiss for improper venue, citing to the forum selection clause in the parties' Agreement.  Heather Decl. Exh. C.  In opposition, Petitioners attempted to persuade

the District Court not to enforce the forum selection clause because (they argued) it was procured by fraud.  Heather Decl. Exh. D.  The District Court, Honorable John F. Walter, rejected Petitioners' arguments, enforced the forum selection clause, and ordered the action dismissed based on the doctrine of forum non conveniens.  Heather Decl. Exh. E (Case No. 2:16-cv-00440-JFW-E, ECF No. 56).  Indeed, Judge Walter further ruled that the clause applied to require any action to enforce an arbitral award be filed in Maryland state court:

> [W]hile any disputes or claims must be arbitrated, the parties must be able to file a court action relating to enforcing and/or challenging the arbitration award.  The Asset Purchase Agreement provides that Maryland state court is the only proper forum for seeking such relief.

*Id*.

With no valid argument to make under the Ninth Circuit and Supreme Court authorities cited above, Petitioners rely in their motion to confirm exclusively on a purported "waiver" by Respondents based on Respondents' 2019 filing of an action in this Court to confirm a different arbitral award (the "Partial Final Award").  Petitioners' "waiver" argument is without merit for multiple reasons.

First, the law does not casually find waiver, and the burden is on the party claiming a waiver to provide it by clear and convincing evidence that does not leave the matter to speculation or doubt.  *City of Uriah v. Fones*, 64 Cal.2d 104, 107 (1966).  Waiver requires the intentional relinquishment of a known right after knowledge of the facts.  *Id.  See also Osprey Consulting I, Inc. v. Westport Ins. Corp.*, 466 F. Supp. 3d 532, 540 (D. Md. 2020); *BTR Hampstead, LLC v. Source Interlink Distribution, LLC*, 194 Md. App. 538, 560, 5 A.3d 142, 155 (2010).  Here, as set forth in the declaration of Fred Heather, the 2019 action was filed by new replacement counsel based on Petitioners' original filing of the dispute in the Central District of California and an improper assumption that the appeal from the Partial Final Award had to be

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Glaser Weil

brought first in the same judicial district in which it originated.  Heather Decl. ¶6.
That improper assumption by counsel was not in any sense a knowing relinquishment
by Respondents of their right to litigate in Maryland.  Any doubt should be resolved
in favor of non-waiver.

Second, even if there had been a waiver based on the 2019 filing, that waiver of
a contract provision was subject to retraction with the contractual right "restored at
any time." *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal.App. 4th 44,
58 (2002); *Crown Cap. Sec., L.P. v. Liberty Surplus Ins. Corp.*, 2015 WL 12748815,
at *10 (C.D. Cal. Mar. 30, 2015) ("Here, even if the Court were to assume that
Defendant waived its right to enforce the forum selection clause sometime prior to
Crown Capital filing suit, Defendant has retracted any waiver by asserting the forum
selection clause as an affirmative defense in its Answer and subsequently moving to
transfer the case under the forum selection clause.").  Plainly, when Respondents filed
their petition in Maryland to vacate the Final Award on June 1, 2022, almost two
months prior to the present action, Respondents retracted any prior arguable "waiver"
of the forum selection clause.  Heather Decl. Exh. I.

Third, waiver of a contractual condition will not be binding "unless the other
party materially changes his position in reliance on the waiver."  *Lally v. Allstate Ins.
Co.*, 724 F.Supp. 760, 763 (S.D. Cal. 1989); *Brockington v. Grimstead*, 176 Md. App.
327, 355–56, 933 A.2d 426, 442 (2007), aff'd, 417 Md. 332, 10 A.3d 168 (2010)
(party may retract a waiver, and thus revive the right at issue, unless (i) the opposing
party has relied upon the waiver and would be prejudiced by retraction or (ii)
retraction would result in an improper manipulation of the judicial process).  Here,
Petitioners were already well informed that Respondents were relying upon the forum
selection clause before they chose to file this action in the Central District of
California, and cannot rely upon the filing of this action as a material change of
position in reliance on the supposed waiver.  See Heather Decl. ¶7, Exhibit J.

Finally, neither the filing of the 2019 case to confirm the Partial Final Award

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

nor anything filed or stated in that case can be deemed a waiver because that case was dismissed, and the dismissal rendered that case a nullity, leaving the parties as if that case had never been filed.  "Because dismissed proceedings become a nullity, the court's decisions or the parties' pleadings prior to a voluntary dismissal without prejudice are generally afforded no preclusive effect.  *See In re Piper Aircraft Dist. System Antitrust Litigation.Van-S-Aviation Corp. v. Piper Aircraft Corp. et al.,* 551 F.2d 213, 219 (8th Cir. 1977) (district court's class certification decision in prior suit did not resolve the issue in subsequent suit because plaintiff's voluntary dismissal without prejudice of prior suit "carrie[d] down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect of plaintiff's claim").  Courts have also invoked this principle to allow challenges to personal jurisdiction despite a potentially inconsistent position in a prior, dismissed action. *See Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir.1990) (holding that the defendant's possible consent to personal jurisdiction in prior action did not bar defendant from contesting the issue in subsequent action because voluntary dismissal of prior action "wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action")."  *VGM Fin. Servs. v. Singh*, 708 F. Supp. 2d 822, 831–32 (N.D. Iowa 2010).  Moreover, Petitioners made the same "waiver" arguments to Judge Wright in the 2019 case that Petitioners are now making in their motion to confirm, and Judge Wright still decided to dismiss the action despite those arguments.  Heather Decl. ¶6, Exhs. F, G, and H.

## V.     COLLATERAL ESTOPPEL APPLIES TO REQUIRE DISMISSAL BASED ON FORUM NON CONVENIENS.

Petitioners originally brought this dispute as a complaint filed in the United States District Court for the Central District of California.  Heather Decl. Exh. B. Respondents moved to compel arbitration in Maryland based on the forum selection clause in the parties' agreement.  Heather Decl. Exh. C.  In the opposition to that

motion, Petitioners argued that the forum selection language in the agreement was inconsistent and should not be enforced because in one section (20) the agreement provided that any action arising from or relating to the agreement had to be brought in the "courts of Maryland," while in another section (21) the agreement provided that all disputes or claims arising from the agreement had to be arbitrated in Maryland through JAMS.  In response to Petitioners' argument, Judge Walter ruled there was no inconsistency:

> There is no conflict because while any disputes or claims must be arbitrated, the parties must be able to file a court action relating to enforcing and/or challenging the arbitration award.  The Asset Purchase Agreement provides that Maryland state court is the only proper forum for seeking such relief.

Heather Decl. Exh. E.

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir.1995).   Collateral estoppel applies when four criteria are met: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *See Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir.2012) (*citing Montana v. United States*, 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

Here, each of these requirements apply.  First, the identical issue of whether the forum selection clause required any "court action" to be filed in Maryland was decided by Judge Walter in the prior proceeding.  Second, the issue was actually litigated because it was resolved in the affirmative against Petitioners' argument to the contrary.  Third, there was a full and fair opportunity to litigate the issue –

Glaser Weil

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

2210660

Petitioners briefed the issue.  Fourth, resolution of that issue was necessary for Judge Walter to decide that a dismissal of Petitioners' action based on forum non conveniens should be entered.  Collateral estoppel therefore precludes Petitioners from now contesting that same issue in the present action.  *See GESPA Nicaragua, S.A. v. Inabata Europe*, GMBH, 2019 WL 7340304, *7-11 (W.D. Tex. 2019) (collateral estoppel applied to prior ruling based on forum non conveniens).

## VI.   THIS COURT LACKS JURISDICTION TO RESOLVE PETITIONERS' MOTION TO CONFIRM THE FINAL AWARD.

There is no basis for jurisdiction in this court to decide Petitioners' motion.

### A.   The Federal Arbitration Act and New York Convention Do Not Apply to Provide Federal Question Jurisdiction Here.

In *Badgerow v. Walters*, 142 S.Ct. 1310 (2022), the Supreme Court held that the authorization in the Federal Arbitration Act, sections 9 or 10, to bring a motion to confirm or vacate an arbitration award does not itself create federal court jurisdiction, and that there must be an "independent jurisdictional basis" for such a motion brought in federal court which is not based on the parties' underlying dispute.  *Id*. at 1314. The Court further noted that contractual disputes between "non-diverse parties" normally should go to state, rather than federal, courts.  *Id*. at 1321-22.  Finally, the Court stated that "Congress chose to respect the capacity of state courts to properly enforce arbitral awards" and that the Court "must respect that congressional choice." *Id*. at 1322.  Based on *Badgerow*, there must be either federal question or diversity jurisdiction arising in connection with the Petitioners' motion to confirm.

As Petitioners correctly point out in their motion, jurisdiction over this proceeding *would* be present if this action falls under The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, also known as the New York Convention ("Convention") based on 9 U.S.C. section 203.  But Petitioners are not correct that the Convention applies to this action.

First, the Final Award at issue is in no sense a "Foreign Arbitral Award"

covered by the Convention.  Article I of the Convention provides that it "shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal ... [and those awards] not considered as domestic awards in the State where their recognition and enforcement are sought." *Ministry of Def. of Islamic Republic of Iran v. Gould Inc.*, 887 F.2d 1357, 1362 (9th Cir. 1989) ("Gould") (quoting Convention done at New York June 10, 1958, T.I.A.S. No. 6997 (Dec. 29, 1970)).  Second, the Ninth Circuit noted that "[t]he United States imposes an additional related condition on the award: it must be 'made in the territory of another Contracting State.'" *Id*.  The Contracting States that have signed onto the Convention are all <u>countries</u>, including the United States, and not states within it, such as California or Maryland.  See <u>https://www.newyorkconvention.org/list+of+contracting+states</u>.  Here, the Final Award was entered by an arbitrator within the United States and <u>not</u> in the territory of any other Contracting State.  The Convention therefore does not apply.

Ignoring the Convention's requirement that the award be entered outside of the United States, Petitioners cite to *Trajkovski Inv. AB v. I.Am.Plus Elecs., Inc.*, 2021 WL 6135742 (C.D. Cal. Dec. 29, 2021) for the proposition that an award falls under the Convention as long as it satisfies three criteria:  "(1) arises out of a legal relationship (2) which is commercial in nature and (3) which is not entirely domestic in scope."  As Petitioners note, *Trajkovski* (which involved an arbitral award entered in Sweden) quotes *Gould* for this proposition.  But *Gould* did not hold that satisfaction of these three factors, <u>standing alone</u>, would lead to a finding that an arbitral award fell within the purview of the Convention.  *Gould* simply used this criteria to summarize the meaning of 9 U.S.C. section 202, which does not define the "scope" of awards to which the Convention applies, but which instead clarifies that an arbitral agreement or award arising from a non-contractual commercial relationship falls under the Convention, and that a dispute involving only citizens of the United

2210660

1   States will <u>not</u> fall within the Convention unless it involves certain listed criteria

2   involving another country.[2]  Because section 202 says nothing about whether the

3   Convention applies to domestically entered arbitral awards, *Gould* went on to

4   examine the Convention's scope and held based on language provided by the

5   Convention itself that it only applies to awards made in a foreign contracting state.

6   Thus, as *Gould* points out, Article I of the Convention states that the Convention

7   "shall apply to the recognition and enforcement of arbitral awards made in the

8   territory of a State other than the State where the recognition and enforcement of such

9   awards are sought," a scope of the Convention's applicability which is enforced

10  pursuant to 9 U.S.C. section 201.  *Gould*, 887 F.2d at 1362. *See also Bergesen v.*

11  *Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983) ("[I]t is not a foreign award as

12  defined in Article I (1) because it was not rendered outside the nation where

13  enforcement is sought.").

14          Second, the fact that one of the Petitioners may be a citizen of the United

15  Kingdom does not satisfy the above required criteria that the award be made in a

16  foreign state.  Petitioners cite *Immersion Corp. v. Sony Comp. Ent. Am. LLC*, 188 F.

17  Supp 3d 960, 965 (N.D. Cal. 2016) for the proposition that an arbitration award is

18  sufficiently foreign in nature so long as it "involves a party that is not a citizen of the

19  United States."  The Northern District of California district court in *Immersion Corp.*

20  based its ruling entirely on 9 U.S.C. section 202, and without discussing the *Gould*

21  decision or Article I of the Convention described above.  But the Central District of

22  California, in *Padilla Ayala v. Teledyne Defense Electronics*, 533 F.Supp.3d 920,

23  _____

24  [2] 9 U.S.C. section 202 provides as follows: "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described

25  in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall

26  be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other

27  reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal

28  place of business in the United States."

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

2210660

926-927 (2021) (André Birotte Jr., J.), later rejected that same argument based on a more careful reading of section 202 and based on the text of the Convention.  In *Ayala*, the defendant argued (as Petitioners argue here) that the Convention applied based on the plaintiff's non-U.S. citizenship.  The *Ayala* court rejected that position:

> However, the text of the statute does not offer such a suggestion. The above exception [in section 202] simply clarifies that when two United States citizens are in an arbitration dispute, the standard is higher for the Convention to apply. The Court will refrain from reading additional language into a statute. See *Andrus v. Glover Const. Co.*, 446 U.S. 608,     616–17, 100 S. Ct. 1905, 1910, 64 L. Ed. 2d 548 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied").
>
> Such a reading is also inconsistent with the scope of the Convention. Article I of the Convention states that the Convention applies "to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought." N.Y. Convention, art. I(1).

*Ayala*, 533 F.Supp.3d at 926-27 (2021).

**B.** **Even if the New York Convention Were Applicable, the Forum Selection Clause Would Remain Enforceable by the Court and Would Require Dismissal.**

For the reasons set forth in section V.A. above, neither the Federal Arbitration Act nor the Convention supply a basis for federal question jurisdiction in this case. But even if the Convention were deemed to apply here, it may be enforced by a court in Maryland consistent with the application of the forum selection clause in the

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

2210660

Glaser Weil

underlying Agreement.  *Zeevi Holdings Ltd. v. Republic of Bulgaria*, 2011 WL 1345155 (S.D.N.Y) (2011).

In *Zeevi*, a petition was brought in the New York district court to confirm a foreign arbitration award against the Republic of Bulgaria.  The respondent moved to dismiss based on a forum selection clause which limited confirmation to courts in Bulgaria.  In evaluating that motion, the district court noted that signatory nations to the Convention are "free to apply differing procedural rules" to actions seeking enforcement of an arbitral award as long as the procedures applied in Convention cases are not "substantially more onerous than those applied in domestic cases." *Id.* at *2 (*citing Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukr.*, 311 F.3d 488, 496 (2d. Cir. 2002) (quoting Convention art. III).  Because the enforcement of forum selection clauses "are essentially procedural, rather than substantive" (*citing Jones v. Weibracht*, 901 F.2d 17, 19 (2d. Cir. 1990), and because American courts enforce such clauses in proceedings involving the confirmation of domestic awards, the *Zeevi* court held that enforcement of such clauses in proceedings to confirm foreign arbitral awards would not be "substantially more onerous" than in domestic cases.  *Zeevi* at *3.

### C.   There is a Lack of Diversity Jurisdiction.

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016).

Petitioners have stated in their motion that the Court has subject-matter jurisdiction under 28 U.S.C. section 1332 because the parties have "complete diversity" of citizenship, and the amount in controversy exceeds $75,000.  Motion at 10:22-23.  In support of the complete diversity of citizenship prong of jurisdiction, Petitioners point out that they are comprised of individuals from California, Tennessee, and the United Kingdom, whereas Respondents are citizens of Maryland and Delaware.  *Id.* at 10:24-27.  Petitioners are mistaken about Respondents'

2210660

1   citizenship, because Morgan Creek Productions, Inc. ("Morgan Creek") is also a
2   citizen of California.

3        For purposes of determining a corporation's citizenship under the diversity
4   statute, "a corporation shall be deemed to be a citizen of every State and foreign state
5   by which it has been incorporated and of the State or foreign state where it has its
6   principal place of business."  28 U.S.C. § 1332(c)(1).  Morgan Creek is a film
7   production company incorporated in Delaware, but its principal place of business is in
8   Los Angeles, California at 11601 Wilshire Boulevard, Suite 675, Los Angeles,
9   California, 90025.  Declaration of James G. Robinson ("Robinson Decl.), ¶ 2.

10       The United States Supreme Court provided the definitive test for determining a
11  corporation's principal place of business in *Hertz Corp. v. Friend*, 559 U.S. 77
12  (2010).  In *Hertz*, the Court ruled that the principal place of business is "where the
13  corporation's high level officers direct, control, and coordinate the corporation's
14  activities" and should be the "center of overall direction, control, and coordination."
15  *Id*. at 92-93, 95-96.  That place "should normally be the place where the corporation
16  maintains its headquarters—provided that the headquarters is the actual center of
17  direction, control, and coordination ... and not simply an office where the corporation
18  holds its board meetings (for example, attended by directors and officers who have
19  traveled there for the occasion)." *Id*. at 93.

20       As set forth in the attached Robinson Decl. ¶ 3, the company's legal counsel
21  and Development Department are located in Los Angeles; its officers direct, control
22  and coordinate Morgan Creek's motion picture, television, and licensing activities
23  from those offices in Los Angeles; and those offices provide the actual center of
24  direction, control and coordination of all Morgan Creek business activities with the
25  only exception being certain banking and accounting functions that are handled by
26  one employee located in a small office located in Baltimore, Maryland.

27       **D.**    **The Court's Lack of Jurisdiction is Not Subject to Waiver and May**
28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

2210660

**Be Raised at Any Time.**

Petitioners cite to various court filings as evidence of the parties' citizenship, including a 2019 filing by Respondents to confirm the Partial Final Award in which Respondents asserted that this court has diversity subject-matter jurisdiction. Motion at 4:19-22. That statement made by Respondents' counsel in 2019 was incorrect, but it does not bind Respondents here with respect to the present motion to dismiss. Unlike venue, which may be subject to waiver as Petitioners point out at page 11 of their motion because it is "not a jurisdictional requirement," *citing In re Lebbos*, 439 B.R. 154, 163 (E.D. Cal. 2010), subject-matter jurisdiction is not subject to waiver and may be raised at any time.

It is axiomatic that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, "[o]bjections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013). This is true even though such an objection "may also result in the waste of judicial resources and may unfairly prejudice litigants." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If a court determines that it lacks subject matter jurisdiction, it is required to "dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). *See also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("The Cooperative raises the issue of subject matter jurisdiction for the first time on appeal. For most issues, that would be too late, but challenges to a federal court's subject matter jurisdiction cannot be waived and may be raised at any time.")

An instructive decision on this issue was issued by a district court in Hawaii in *State Farm Fire & Cas. Ins. Co. v. Ramirez*, 2010 WL 4975154, at *1 (D. Haw. Nov. 29, 2010):

As unfortunate as dismissal of this case at this late date may

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

2210660

Glaser Weil

1     be, that is what this court must do given the absence of

2     diversity jurisdiction. The court is mindful that State

3     Defendants earlier admitted that this court did indeed have

4     diversity jurisdiction, engaged in extensive litigation before

5     this court and, only after receiving an adverse decision, raised

6     lack of jurisdiction. However, because Defendant State of

7     Hawaii Department of Land and Natural Resources

8     ("DLNR") is not a citizen for diversity purposes, this court

9     lacks complete diversity and must vacate its earlier orders

10    and dismiss this action.

11 *Id.* (citing *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1092 (9th Cir.2004).

12

13 **VII.**    <u>**CONCLUSION**</u>

14     Based on the above points and authorities, Respondents respectfully request

15 that the Court grant this motion and dismiss Petitioners' action in its entirety.

16   DATED:  August 29, 2022      GLASER WEIL FINK HOWARD
17                            AVCHEN & SHAPIRO LLP

18                      By: _____

19                      FRED D. HEATHER

20                      AARON P. ALLAN

21                      Attorneys for Respondents

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

2210660