UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-CV-05214-CAS (MRWx) | Date | January 30, 2023 |
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Armin Azod | Aaron Allan |
| Amanda Fleming | Fred Heather |

**Proceedings:**    MOTION FOR STAY OF ENFORCEMENT OF JUDGMENT AND APPROVAL OF BOND PENDING POST-JUDGMENT MOTION FOR RECONSIDERATION AND APPEAL (Dkt. 63, filed on DECEMBER 5, 2022)

## I. INTRODUCTION AND BACKGROUND

The facts of this case are known to the parties. For the purposes of this motion, the following facts are relevant. On July 27, 2022, petitioners Armin Azod, Ramez Elgammal, Shantanu Sharma, Dong Zhang, and Peter John (the "Azod parties") filed a motion to confirm an arbitration final award against respondents James G. Robinson, Morgan Creek Productions, Inc. ("Morgan Creek"), Cecilia, LLC ("Cecilia"), and Good Stuff, LLC ("Good Stuff"), (collectively, the "Robinson parties"). Dkt. 1. Robinson is the sole owner of Morgan Creek, Cecilia, and Good Stuff. Id. at 5-6. On November 9, 2022, the Court granted the Azod parties' motion to confirm the arbitration award. Dkt. 56. On November 15, 2022, the Court entered final judgment in favor of the Azod parties and against the Robinson parties, confirming the arbitration final award (the "Final Award") in all respects. Dkt. 57.

Specifically, the final judgment ordered that (1) respondents Cecilia and Good Stuff pay petitioners contract damages in the amount of $905,636, plus prejudgment and post-judgment interest; (2) respondents Robinson, Morgan Creek, Cecilia, and Good Stuff pay petitioners attorneys' fees in the amount of $3,576,250, plus post-judgment interest; and (3) respondents Robinson, Morgan Creek, Cecilia, and Good Stuff pay petitioners costs in the amount of $862,171, plus post-judgment interest. Dkt. 57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:22-CV-05214-CAS (MRWx) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

Following entry of the final judgment, respondents filed a motion for reconsideration, dkt. 67, and a notice of appeal to the Ninth Circuit Court of Appeals, dkt. 71.

On December 5, 2022, respondents Robinson and Morgan Creek filed a motion for a stay of enforcement of the judgment and for approval of bond pending post-judgment motion for reconsideration and appeal. Dkt. 63. On January 9, 2023, petitioners filed an opposition to the motion for a stay and for approval of bond. Dkt. 75. On January 17, 2023, Robinson and Morgan Creek filed a reply in support of their motion. Dkt. 77. The motion for a stay of enforcement of the judgment and for approval of bond is presently before the Court.

On January 30, 2023, the Court held a hearing on respondents' motion. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Id. A party appealing a district court judgment "is entitled to a stay of a money judgment as a matter of right" upon posting a full bond. AM. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966). Federal Rule of Appellate Procedure 7 ("Rule 7") governs bonds for costs on appeal in a civil case, providing that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. The district court has discretion to determine the amount of a bond. See Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 955 (9th Cir. 2007). "[T]he purpose of [an appeal bond] is to protect an appellee against the risk of nonpayment by an unsuccessful appellant." Fleury v. Richemont N. Am., Inc., 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008) (quotations and citations omitted).

## III.   DISCUSSION

Respondents Robinson and Morgan Creek request that the Court enter an order staying any execution or enforcement of the judgment until respondents' Rule 59 motion and appeal are decided. Dkt. 63-1 at 2. Robinson and Morgan Creek further request that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRWx) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

the Court approve a bond to secure payment of the judgment in the amount of $5,099,214. Id. This amount comprises the total amount of the judgment against Robinson and Morgan Creek ($4,658,518.04) plus post-judgment interest ($440,696).[1] Id. at 1-2.

In their opposition, petitioners request that the Court deny respondents' request for a stay, contending that respondents' motion is "another in a long line of filings that impede, delay, and otherwise frustrate [p]etitioners' ability to recover fully and timely [] final judgment." Dkt. 75 at 1. In the event that the Court grants the request for a stay, petitioners contend that the bond amount should be set to approximately $12 million to adequately protect their interests. Id. at 2.

In arriving at this amount, petitioners first argue that the bond should cover the full judgment amount, which includes contract damages and interest (totaling approximately $1.3 million) awarded jointly and severally against Good Stuff and Cecilia. Id. at 3. Petitioners point out that respondents have not paid the contract damages and that Good Stuff is named as an appellant in the Ninth Circuit appeal. Id. (citing dkt. 71). In response, respondents state that they are not seeking a stay of enforcement as to the portions of the judgment against Cecilia and Good Stuff. Dkt. 77 at 2-3.

Because petitioners are only seeking a stay of enforcement of the judgment as to Robinson and Morgan Creek, petitioners are free to pursue enforcement against Cecilia and Good Stuff. Requiring a bond securing the approximately $1.3 million owed solely by Cecilia and Good Stuff, when petitioners are free to pursue payment of that amount, would be contrary to the logic of the applicable rules, which seek to protect against the risk that unsuccessful appellants never pay the judgment awarded against them. See Fleury, 2008 WL 4680033, at *6. Accordingly, the Court finds that the bond need not cover the judgment amount owed solely by Cecilia and Good Stuff.

Petitioners additionally argue that the bond amount should cover prospective attorneys' fees and costs, including litigation financing costs. Dkt. 75 at 4. They contend that Judge Legg "has already determined that [p]etitioners are entitled to reasonable attorneys' fees and costs" and to the cost of litigation financing. Id. at 5. Petitioners do

---

[1] To calculate the post-judgment interest, Robinson and Morgan Creek assume that interest will accrue for two years from entry of judgment on November 15, 2022, at the rate of 4.73%, pursuant to 28 U.S.C. § 1961. Dkt. 63-1 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                            'O'

| Case No. | 2:22-CV-05214-CAS (MRWx) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

not identify a specific amount of attorneys' fees or costs that they anticipate incurring. Respondents contend that inclusion of prospective attorneys' fees and costs in a Rule 7 bond is only appropriate when an applicable fee-shifting statute defines recoverable costs to include attorneys' fees. Dkt. 77 at 4.

While Rule 7 does not define "costs on appeal," the Ninth Circuit in Azizian held that "a district court may require an appellant to secure appellate attorney's fees in a Rule 7 bond, but only if an applicable fee-shifting statute includes them in its definition of recoverable costs." 499 F.3d at 953. Petitioners have not identified any such fee-shifting statute that would support the inclusion of attorneys' fees in the bond amount. And, contrary to petitioners' argument, neither the underlying Asset Purchase Agreement (the "APA") nor the arbitrator's interpretation of it requires respondents to pay petitioners' attorneys' fees on appeal. In fact, in the Final Award, the arbitrator concluded that he "lack[ed] the authority to award fees and costs that arise after the Final Award is entered." Dkt. 1-2 at 74. Likewise, the APA itself only addresses attorneys' fees awarded by the arbitrator in the context of the arbitration. See dkt. 1-3 at 9 ("The Parties further agree that the arbitrator of any such dispute may, in the arbitrator's discretion, award money damages to the prevailing Party, including the costs of the arbitration, and attorney's fees").

Petitioners thus have not pointed to any statutory or contractual provision governing attorneys' fees on appeal that could potentially support inclusion of such fees in the bond amount. Accordingly, the Court concludes that the bond amount need not include prospective attorneys' fees to adequately protect petitioners' interests.

Finally, petitioners contend that the bond amount should include prospective sanctions on the ground that respondents' "post-award filings . . . are without merit and are aimed to frustrate [p]etitioners' collection efforts." Id. at 5. In so contending, petitioners argue that respondents' request to vacate the Final Award is time-barred, rendering the appeal frivolous. Id. They further argue that arbitration awards are subject to such limited review on appeal that appealing confirmation of an award may amount to sanctionable conduct. Id. at 5-6. They urge the Court to set bond at double the amount of the $6 million final judgment (totaling approximately $12 million) to account for prospective attorneys' fees and sanctions. Id.

In Azizian, the Ninth Circuit concluded that a Rule 7 bond should not cover attorneys' fees potentially awarded as a sanction under Federal Rule of Appellate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRWx) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

Procedure 38. 499 F.3d at 960. The court reasoned that such awards are "highly exceptional, making it difficult to gauge prospectively, and without the benefit of a fully developed appellate record, whether such an award is likely." Id. Additionally, the court explained that including such awards in Rule 7 bonds "risks 'impermissibly encumber[ing]' appellants' right to appeal and 'effectively preempt[ing] [the appellate court's] prerogative' to make its own frivolousness determination." Id. at 961 (quoting In re Am. President Lines, Inc., 779 F.2d 714, 717 (D.C. Cir. 1985)).

The Court finds the reasoning in Azizian applicable here and concludes that the bond amount should not cover a potential award of sanctions on appeal. See Glasser v. Volkswagen of Am., Inc., 2010 WL 11545660, *4 (C.D. Cal. May 20, 2010) (applying the reasoning in Azizian to conclude that it would be improper for a district court to set a Rule 7 bond covering potential sanctions for frivolous appeals under 28 U.S.C. § 1927). "The court in Azizian made clear that 'the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals,' which have a myriad options to govern their own dockets." Id. (quoting Azizian, 499 F.3d at 961). Setting a bond amount to include sanctions on appeal here, as with the Rule 38 sanctions at issue in Azizian, would impose on the Ninth Circuit's prerogative to determine whether conduct is sanctionable and how to address such conduct. Further, it would require the Court to prospectively gauge whether future conduct is sanctionable and to speculate as to what sanctions would be warranted. The Court will not engage in such speculation here and, accordingly, declines to include sanctions as part of the Rule 7 bond.

In light of these considerations, the Court concludes that the appropriate bond amount is $5,099,214, which is the final judgment awarded against Morgan Creek and Robinson plus prejudgment interest calculated per the terms above. Pursuant to Federal Rule of Civil Procedure 62(b), upon posting of the bond, a stay of enforcement is appropriate.

///

///

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:22-CV-05214-CAS (MRWx) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** respondents' motion for a stay of enforcement against Morgan Creek and Robinson pending post-judgment motion for reconsideration and appeal and **APPROVES** a bond in the amount of $5,099,214. Robinson and Morgan Creek shall post a bond in this amount in accordance with Local Rule 65, no later than thirty (30) days of the date of this order.

IT IS SO ORDERED.

|  | 00 : 23 |
|---|---|
| Initials of Preparer | CMJ |