UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Armin Azod | Aaron Allan |
| Amanda Fleming | Fred Heather |

**Proceedings:** MOTION TO ALTER OR AMEND FINAL JUDGMENT PURSUANT TO RULE 59(E) (Dkt. 67, filed on DECEMBER 12, 2022)

## I.   INTRODUCTION

On July 27, 2022, petitioners Armin Azod, Ramez Elgammal, Shantanu Sharma, Dong Zhang, and Peter John (the "Azod parties") filed a motion to confirm an arbitration final award against respondents James G. Robinson, Morgan Creek Productions, Inc. ("Morgan Creek"), Cecilia, LLC ("Cecilia"), and Good Stuff, LLC ("Good Stuff"), (collectively, the "Robinson parties"). Dkt. 1. Robinson is the sole owner of Morgan Creek, Cecilia, and Good Stuff. Id. at 5-6. On August 29, 2022, respondents filed a motion to dismiss the petitioners' motion to confirm the arbitration final award, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3). Dkt. 35. On November 9, 2022, following hearings on both motions, the Court denied respondents' motion to dismiss and granted petitioners' motion to confirm the arbitration final award. Dkts. 55, 56. Final judgment was entered on November 15, 2022, confirming the arbitration final award in all respects. Dkt. 57.

On December 12, 2022, respondents filed a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e), urging the Court to reconsider both respondents' motion to dismiss and petitioners' motion to confirm. Dkt. 67. On January 9, 2023, petitioners filed an opposition to respondents' Rule 59(e) motion. Dkt. 76. On January 17, 2023, respondents filed a reply in support of their motion. Dkt. 80. Respondents' Rule 59(e) motion is presently before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

On January 30, 2023, the Court held a hearing on respondents' motion. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.  BACKGROUND

### A.  The 2016 Case

The dispute between the parties arises out of an Asset Purchase Agreement (the "APA"), which respondent Cecilia entered into with the Azod parties on October 15, 2014. Dkt. 1 at 2. Pursuant to the APA, Cecilia purchased Novoform, a limited liability company, and certain of its assets, from the Azod parties. Id. Cecilia failed to pay the Azod parties over $850,000 due under the APA. Id. On January 20, 2016, the Azod parties filed suit against Respondents Cecilia, Robinson, and Morgan Creek in the Central District of California (the "2016 case"), seeking relief in the form of all payments due under the APA and attorneys' fees and costs. Id. at 2-3. On April 7, 2016, respondents filed a motion to compel arbitration and to dismiss for improper venue, arguing that the APA contained a clause that required arbitration of the dispute. Id. at 3. On May 10, 2016, the Honorable Judge John F. Walter granted respondents' motion and ordered the parties to arbitrate. Id.

### B.  First JAMS Arbitration Phase

The parties proceeded to arbitrate the dispute before a JAMS arbitrator, the Honorable Judge Benson Everett Legg. Id. On September 16, 2016, petitioners submitted a demand for arbitration, asserting claims for breach of contract and fraud against respondents. Dkt. 1-2 at 2-3. Robinson, Cecilia, and Good Stuff counterclaimed against petitioners for rescission based on fraud, rescission based on breach of contract, breach of contract, breach of implied covenant of good faith and fair dealing, fraud, and breach of fiduciary duty. Id. at 3. The parties engaged in discovery and motion practice from January 2017 to July 2018. Id. at 3-4. On September 29, 2018, the arbitrator dismissed petitioners' fraud claims. Id. at 4. On November 6, 2018, a five-day merits hearing commenced that addressed seven questions pertaining to respondents' counterclaims. Id. On February 7, 2019, the arbitrator issued the Partial Final Award ("PFA"), awarding judgment in the amount of $856,886, in favor of petitioners and against Cecilia. Id. The PFA additionally imposed the costs of arbitration against Cecilia. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

On March 1, 2019, the arbitrator scheduled a hearing to address remaining issues, including attorneys' fees and costs, prejudgment and post-judgment interest, and whether the non-Cecilia respondents could be liable for breach of contract damages. Id. at 4-5. Respondents argued that the arbitrator lacked jurisdiction to make any award against the non-Cecilia respondents, and this dispute was briefed and heard by the arbitrator. Id. at 5. On September 17, 2019, the arbitrator issued a scheduling order stating that the PFA was not final with respect to the potential liability of the non-Cecilia respondents. Id.

### C. The 2019 Case

On November 6, 2019, the Robinson parties filed a petition to confirm the PFA issued by Judge Legg in the Central District of California. The case was randomly assigned to the Honorable Judge Otis D. Wright (the "2019 case"). Dkt. 1 at 4. On January 17, 2020, the Azod parties filed a motion to stay the proceeding before Judge Wright until completion of the arbitration. Id. at 5. On May 21, 2020, Judge Wright granted the Azod parties' motion and ordered the parties to file joint status reports pending completion of the arbitration. Id. Over the following two years, the parties filed nine status reports. Id.

### D. Second JAMS Arbitration Phase

While proceedings in the 2019 case were stayed, arbitration of the liability of respondents Robinson, Morgan Creek, and Good Stuff continued. Id. In this phase, the parties litigated whether the non-Cecilia respondents could be held liable for breach of contract under a theory of equitable estoppel, whether they were entitled to attorneys' fees and costs under Section 21 of the APA, and whether they were liable to petitioners for attorneys' fees and costs. Dkt. 1-2 at 5-7. On May 15, 2020, following extensive litigation of these issues, the arbitrator issued an Interim Award, which reiterated that petitioners were the prevailing party and found that Robinson and Morgan Creek were liable for attorneys' fees and costs under the theory of equitable estoppel, even though they were not signatories to the APA, because they attempted to enforce the APA to their benefit. Id. at 7. The arbitrator found that the doctrine of equitable estoppel could bind Robinson and Morgan Creek to the APA for all purposes but declined to exercise his equitable discretion to hold them liable for breach of contract damages, reasoning that a greater degree of intentionality was required to hold them liable for breach of contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

damages under the doctrine. Id.; dkt. 43-1, Exh. I at 14.[1] The Interim Award additionally found that respondents were not entitled to attorneys' fees and costs because they were not the prevailing party, as defined by the APA. Dkt. 1-2 at 7.

Following the Interim Award, both sides filed motions for reconsideration, which were fully briefed and heard. Id. On May 18, 2022, the arbitrator issued a final award (the "Final Award") adopting and integrating the PFA. Dkt. 1 at 4. The Final Award reaffirmed that petitioners prevailed against each respondent and awarded petitioners attorneys' fees, costs, and expenses jointly and severally against Cecilia, Morgan Creek, and Robinson. Id. at 5-6. The Final Award found that Good Stuff, in addition to Cecilia, was liable for contract damages. Dkt. 1-2 at 80.

### E.   Motions to Confirm and Vacate the Final Award

On May 31, 2022, petitioners requested a meet and confer regarding their plan to file a motion to confirm the Final Award in the still pending 2019 case. Dkt. 1 at 8. On June 1, 2022, respondents filed a petition to vacate or modify the arbitration award in Maryland state court. Id.

On June 6, 2022, respondents, without first meeting and conferring with petitioners, filed a notice of voluntary dismissal of the petition to confirm the arbitration award that they filed in the Central District of California in the 2019 case, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Id. at 8-9. On June 7, 2022, the action was dismissed without prejudice. Id. at 9. On July 19, 2022, petitioners filed a motion to vacate the dismissal, arguing that respondents had improperly filed a unilateral notice of voluntary dismissal. Id. On that same day, petitioners filed a motion to lift the stay and

---

[1] At oral argument, counsel for respondents contended that the arbitrator did not determine that Morgan Creek could be held liable for contract damages pursuant to a theory of equitable estoppel. The arbitrator's analysis in the Interim Final Award indicates otherwise; however, stating as follows: "Based on this record, I have the authority under the doctrine of equitable estoppel to bind James G. Robinson and Morgan Creek to the APA, making them responsible, jointly and severally with Cecilia, for the breach of contract damage award, $856,886. I decline to do so, however." Dkt. 43-1, Exh. I at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

to confirm the Final Award. Id. Petitioners' motions were stricken because the case was already closed. Id.

On July 27, 2022, petitioners filed their motion to confirm the arbitration award in the present case. See generally dkt. 1. On August 29, 2022, respondents filed a motion to dismiss petitioners' motion to confirm the arbitration award, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3). Dkt. 35. Among other grounds for dismissal, respondents argued that the forum selection clause in the APA required adjudication of the Final Award in Maryland state court. Id. On November 9, 2022, following hearings on both motions, the Court denied respondents' motion to dismiss and granted petitioners' motion to confirm. Dkts. 55, 56.

### III. LEGAL STANDARD

Once a court enters judgment, reconsideration may be sought by filing a motion under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment). Rule 59(e) permits parties to file a "motion to alter or amend a judgment," no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) does not list "specific grounds for a motion to amend or alter" and thus, "the district court enjoys considerable discretion in granting or denying the motion." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). However, "amending a judgment after its entry remains an extraordinary remedy[.]" Id. (internal quotation marks and citation omitted). The Ninth Circuit thus has repeatedly cautioned that such a remedy "should be used sparingly." Id. (internal quotation marks and citation omitted). Amendment of judgment is used sparingly to serve the dual "interests of finality and conservation of judicial resources." See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Hence, "a party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc., 282 F.R.D. 216, 220 (D. Ariz. 2012) (citation and internal quotation marks omitted).

Local Rule 7-18 sets forth the basis upon which this Court may reconsider a previous order, providing as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

C.D. Cal. L.R. 7-18; see also Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) ("Reconsideration is indicated in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice."). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation, 331 F.3d at 1046.

**IV.     DISCUSSION**

    **A.     Respondents' Motion to Dismiss**

In denying respondents' motion to dismiss petitioners' motion to confirm the arbitration award, the Court rejected respondents' argument that Maryland state court was the proper forum because of the forum selection clause in the APA, which provides that "any action or proceeding arising from or relating to this Agreement may be brought only in the courts of Maryland." Dkt. 35 at 3. The Court found that respondents should be judicially estopped from arguing that the forum selection clause requires confirmation of the Final Award in Maryland state court because they filed the 2019 action to confirm the PFA in the Central District of California. Dkt. 55 at 7.

Pursuant to the doctrine of judicial estoppel, "[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)). The Ninth Circuit "generally consider[s]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

three factors when determining whether to apply the doctrine of judicial estoppel." United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc., 512 F.3d 555, 563 (9th Cir. 2008). First, the Ninth Circuit looks to "whether 'a party's later position [is] 'clearly inconsistent' with its earlier position.'" Id. (quoting Maine, 532 U.S. at 750). Second, it considers "whether the party achieved success in the prior proceeding, since judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." Id. (internal quotation marks omitted). And third, the Ninth Circuit considers "whether the party asserting an inconsistent position would achieve an unfair advantage if not estopped." Id.

    Respondents contend that the Court erred in denying their motion to dismiss on judicial estoppel grounds for three reasons. First, respondents contend that the Court erroneously concluded that respondents took inconsistent positions when they pursued the 2019 case in the Central District of California and later argued that the forum selection clause in the APA required adjudication of the arbitration award in Maryland state court. Dkt. 67 at 5. Next, respondents argue that Judge Wright did not judicially accept respondents' position that venue was proper in the 2019 case. Id. at 8. Finally, respondents contend that the 2019 action was rendered a nullity by their voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. Id. at 11. The Court addresses each of these arguments in turn.

    1.    Clearly Inconsistent Positions

    Respondents contend that the Court mistakenly presumed that respondents argued that venue was improper in this action. Dkt. 67 at 5. According to respondents, they actually argued that the Central District of California was the improper forum, in light of the APA's forum selection clause. Id. Thus, respondents contend, the prior representation that venue was proper in the 2019 action was not clearly inconsistent with their representations in the present action. Id. Respondents cite Coutinho & Ferrostaal, Inc. v. STX Pan Ocean Co., 2013 WL 1415107, at *4 (S.D. Tex. Apr. 8, 2013) for their position. In that case, the district court concluded that a party's attempt to enforce a forum selection clause requiring that disputes be adjudicated in Korea was not clearly inconsistent with their position in a prior lawsuit, addressing the same contract containing the forum selection clause, that venue was proper in the United States. Id. The court reasoned that admission that "jurisdiction and venue were statutorily proper in Texas [] does not address the effect of the forum selection clause." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

Respondents further emphasize that, under Ninth Circuit precedent, "clearly inconsistent" means "mutually exclusive." Larin Corp. v. Mueller, 364 F. App'x 380, 382 (9th Cir. 2010). According to respondents, "alleging that venue is proper in a particular forum and asserting that a forum-selection clause nonetheless requires litigation in a different forum are not inconsistent, much less mutually exclusive." Dkt. 67 at 7.

As a preliminary matter, respondents should have raised this argument when the motion to dismiss was before the Court. Under Local Rule 7-18, "[i]n asking for a motion for reconsideration, a party may not merely urge the court to reconsider past arguments or present arguments it failed to make prior to the issue of an order." Sewchez International Ltd. V. CIT Group/Commercial Services, Inc., 2008 WL 11337382, at *2 (C.D. Cal. June 3, 2008). It is not clear to the Court why respondents did not advance their argument distinguishing between venue and forum earlier, particularly in light of petitioners' argument in their opposition that respondents' assertion of proper venue in the 2019 case was clearly inconsistent with their attempt to enforce the forum selection clause in the present case.

In any event, respondents' new argument misses the point. While it is correct that proper venue, which is determined by federal venue laws, and forum are distinct concepts, respondents did more than simply assert that venue was legally proper in the Central District of California. In filing their petition to confirm the PFA in the Central District of California in the 2019 case, respondents unequivocally asserted their position that the parties could adjudicate the arbitration award in this district, notwithstanding the forum selection clause in the APA stating that Maryland state court was the only proper forum for adjudication of such disputes. This position is clearly inconsistent with their current position that the parties do not have a right to adjudicate the arbitration award in this district by reason of the forum selection clause. Respondents have not raised any reason why this action would be governed by the forum selection clause while the 2019 action would not. And any such argument would be unpersuasive, as both actions involve the same parties, arise out of the same arbitration, and seek to confirm arbitration awards, and both actions clearly fall within the scope of the APA's forum selection clause. Thus, these two positions are in fact "mutually exclusive," Larin Corp., 364 F. App'x at 382; the forum selection clause either bars confirmation of the arbitration award in this forum or it does not.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

        2.       <u>Judicial Acceptance of Respondents' Prior Position</u>

      Next, respondents contend that the Court erred in finding judicial acceptance of respondents' prior position in the 2019 case. Dkt. 67 at 8. Respondents argue that because venue is not a jurisdictional issue, Judge Wright was not required to raise it *sua sponte*. <u>Id.</u> Thus, respondents contend, the fact that Judge Wright presided over the case for several years was not sufficient to demonstrate judicial acceptance. <u>Id.</u> According to respondents, this is especially true given that the 2019 case was stayed for years. <u>Id.</u> Respondents cite an out-of-circuit case in which the court concluded that a party's consent to jurisdiction in a prior case did not judicially estop it from enforcing a forum selection clause in a later action because, in the prior case, the parties did not raise and the courts did not explicitly address the effect of the clause. <u>Id.</u> at 9-10 (citing <u>Donnay USA Ltd. V. Donnay Int'l S.A.</u>, 2016 WL 9640001, at *7 (E.D.N.Y. Sept. 1, 2016), <u>aff'd</u>, 705 F. App'x 21 (2d Cir. 2017)). Respondents argue that where the district court has not clearly adopted the prior position, judicial estoppel is unavailable. Dkt. 67 at 10.

      Once again, the Court notes that respondents should have raised these arguments prior to the Court's denial of the motion to dismiss and that they are thus untimely under Local Rule 7-18. Even setting aside the timeliness issue, the Court concludes that its finding of judicial acceptance here does not amount to a clearly erroneous determination.

      While Judge Wright could have raised the forum selection clause issue *sua sponte*, <u>see</u> <u>Wescott v. Yee</u>, 2022 WL 1093709, at *2 (E.D. Cal. Apr. 12, 2022), respondents are correct that raising the forum selection clause issue was not mandatory, <u>see</u> <u>Banco De Mexico v. Orient Fisheries</u>, 2010 WL 11519508, at *2 n.4 (C.D. Cal. June 28, 2010). However, under the circumstances, it appears to the Court that Judge Wright's presiding over the case for numerous years and ruling on the petitioners' motion for a stay was sufficient to demonstrate judicial acceptance of the position that the parties had a right to confirm the arbitration award in this forum. The forum selection clause issue goes to whether the parties could file the petition in this forum in the first place and, in this way, is distinct from allegations or legal arguments made in a case on which a court never rules. <u>See</u> <u>Sanact, Inc. v. U.S. Pipelining LLC</u>, 2018 WL 3213612, at *5 (D. Haw. June 29, 2018) (applying judicial estoppel where defendant "affirmatively sought the Court's jurisdiction" and later attempted to argue that a forum selection clause required dismissal, even absent an explicit ruling on the forum selection clause).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

Further, the forum selection clause issue had been previously raised in the 2016 case and, as respondents have repeatedly pointed out, Judge Walter interpreted the forum selection clause to require adjudication of all arbitration-related disputes in Maryland state court. See dkt. 35, Heather Decl. Exh. E ("the parties must be able to file a court action relating to enforcing and/or challenging the arbitration award [and] Maryland state court is the only proper forum for seeking such relief."). Respondents filed a notice informing Judge Wright of the 2016 case, stating that Judge Walter "ordered the parties to arbitrate their claims [and] [t]he [a]ction concerns the confirmation of the resulting arbitration award." See Cecilia LLC, et al. v. Armin Azod, et al., 2:19-cv-09552-ODW (AS), dkt. 5. And, when petitioners filed their motion for a stay in the 2019 case, they attached Judge Walter's decision interpreting the forum selection clause to require that confirmation of the award be sought in Maryland state court. See id., dkt. 35, Exh. 3. These facts, taken with Judge Wright's ruling on the motion for a stay and presiding over the case for numerous years, support a finding that he was aware of the clause and accepted respondents' position that this district was the proper forum for filing their petition.

Considering the unique facts and procedural history of this case, the Court concludes that dismissing the case on forum selection clause-grounds would frustrate the second factor's purpose of avoiding "the perception that either the first or the second court was misled." Maine, 532 U.S. at 750. In any event, as explained further below, even if this judicial estoppel factor is not met, by taking clearly inconsistent positions on the forum selection clause, respondents have waived their right to enforce it.

        3.       Effect of Rule 41 Dismissal on the 2019 Case

Finally, respondents argue that the Court erred in concluding that the 2019 case was not rendered a nullity by respondents' voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. 67 at 12. The Court concluded that respondents' Rule 41(a) notice of voluntary dismissal was improper because Rule 41(a)(1)(A)(i) does not apply to motions to confirm arbitration awards. Respondents argue that, even if this is true, Judge Wright's order dismissing the action rendered the 2019 case a nullity. Id. at 12. Specifically, respondents argue that Judge Wright construed the notice as a motion for voluntary dismissal and issued a dismissal under Rule 41(a)(2), which permits dismissal of actions by court order upon the plaintiff's request. Id.; see also Fed. R. Civ. P. 41(a)(2). According to respondents, because the dismissal was a Rule 41(a)(2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

dismissal by the court, not a Rule 41(a)(1)(A)(i) dismissal, it renders the 2019 action a nullity. Dkt. 67 at 12.

The Court is not persuaded by this untimely attempt to reframe the notice of voluntary dismissal. Judge Wright's order makes no reference to construing the notice of voluntary dismissal as a request pursuant to Rule 41(a)(2). See Cecilia LLC, et al. v. Armin Azod, et al., 2:19-cv-09552-ODW (AS), dkt. 57. Rather it simply confirms the voluntary dismissal "pursuant to the Notice of Voluntary Dismissal [] and Federal Rule of Civil Procedure 41(A)" and vacates all dates and deadlines in the action. Id. As the Court previously concluded, respondents' Rule 41(a)(1) notice was improper. See Golden State Foods, Corp. v. Mendoza, No. CV-14-07045-MWF (EX), 2014 WL 12589654, at *3 (C.D. Cal. Nov. 4, 2014) (finding that petition to compel arbitration could not be dismissed pursuant to Rule 41(a)(1)(A)(i)) (citing ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 113 (2d Cir. 2012) ("Rule 41(a)(1)(A)(i) cannot and does not apply to such petitions.")). Permitting respondents to rely on an improper dismissal under Rule 41 to change their longstanding position on forum when adjudicating in this district was no longer to their advantage would promote the "improper use of judicial machinery" that the doctrine of judicial estoppel serves to prevent. Maine, 532 U.S. at 750 (quoting Konstantinidis, 626 F.2d at 938).

4.  Waiver of Right to Enforce Forum Selection Clause

Regardless of whether petitioners have successfully established that judicial estoppel is appropriate here, the Court concludes that respondents have waived their right to enforce the forum selection clause. Accordingly, they cannot now have the action dismissed by arguing that the clause requires adjudication in Maryland state court.

"[A] forum selection clause is waived where the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and enforcement would prejudice other parties." S&J Rentals, Inc. v. Hilti, Inc., 294 F. Supp. 3d 978, 984 (E.D. Cal. 2018). The party waiving their right to enforce the clause must demonstrate "clear, decisive, and unequivocal conduct manifesting such an intent." Bindman v. MH Sub I, LLC, 2020 WL 978618, at *2 (N.D. Cal. Feb. 28, 2020) (quoting Powell v. United Rentals (N. Am.), Inc., 2019 WL 1489149, at *5 (W.D. Wash. Apr. 3, 2019)). Examples of such conduct include a party suing to enforce a contract in an unauthorized forum, see Unity Creations, Inc. v. Trafcon Indus., Inc., 137 F. Supp. 2d 108, 11 (E.D.N.Y. 2001), or a party "sit[ting]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

on its forum rights . . . until such time as things go unfavorably," E. & J. Gallo Winery v. Encana Energy Servs., Inc., 388 F. Supp. 2d 1148, 1162-63 (E.D. Cal. 2005).

This is exactly the conduct at issue here. Respondents filed a petition to confirm the PFA in this district, notwithstanding the forum selection clause. Moreover, they did so after they had sought and obtained a determination from Judge Walter that the clause required such a petition to be filed in Maryland state court. Waiver is appropriate in such circumstances because respondents have "intentional[ly] relinquish[ed] [] a known right" and "act[ed] in a manner inconsistent with the intent to enforce a right." Crown Capital Secs., L.P. v. Liberty Surplus Ins. Co., 2015 WL 12748815 (C.D. Cal. Mar. 30, 2015) (internal quotation marks and citations omitted). Further, when petitioners prevailed in the arbitration and they sought to meet and confer with respondents' counsel, respondents' counsel elected to proceed in Maryland and dismissed the case before Judge Wright. Principles of fairness counsel that such conduct is improper.

> [A] right can be waived or forfeited. If the defendant tells the plaintiff that he is content with the venue of the suit, or by words or actions misleads the plaintiff into thinking this or the court into becoming involved in the case so that there would be wasted judicial effort were the case to be dismissed to another forum, or if he stalls in pleading improper venue because he wants to find out which way the wind is blowing, then conventional principles of waiver or equitable estoppel come into play and if invoked by the plaintiff . . . block the challenge to venue.

Edwards Vacuum, LLC v. Hoffmann Instrumentation Supply, Inc., 2021 WL 2355405, at *5 (D. Or. June 9, 2021) (quoting Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd., 364 F.3d 884, 887-88 (7th Cir. 2004)).

Here, respondents have "by words or actions misle[d] [petitioners] into thinking" that they were "content with the venue of the suit," and have caused Judge Wright's court to preside over the case and rule on a motion for a stay. See Edwards Vacuum, 2021 WL 2355405, at *6 (finding waiver of right to enforce forum selection clause where defendant's representations resulted in the court "devot[ing] time to resolving [its] motion to bifurcate and stay"). Once the arbitrator issued the Final Award and respondents "f[ound] out which way the wind is blowing," they changed course and contended that petitioners' motion to confirm is subject to the forum selection clause. Permitting respondents to enforce the forum selection clause now would encourage this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

inequitable conduct and would contravene the strong public policy against forum shopping.

Accordingly, the Court concludes that respondents have waived their right to enforce the forum selection clause, and denial of their motion to dismiss on account of the forum selection clause was proper.

### B. Petitioners' Motion to Confirm the Arbitration Final Award

In challenging an award pursuant to Federal Arbitration Act ("FAA") § 10(a)(4), "[i]t is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 130 S. Ct. 1758, 1767 (2010). Rather, "[a]rbitrators 'exceed their powers' . . . not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" Lagstein v. Certain Underwriters at Lloyd's London, 607 F.3d 634, 641 (9th Cir. 2010) (quoting Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 997 (9th Cir. 2003). To show a manifest disregard of law, the "moving party must show that the arbitrator 'underst[oo]d and correctly state[d] the law, but proceed[ed] to disregard the same.'" Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007) (quoting San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd., 293 F.2d 796, 801 (9th Cir. 1961)). And an award is only "completely irrational" "where the arbitration decision fails to draw its essence from the agreement." Lagstein, 607 F.3d at 642 (internal quotation marks omitted). Reviewing courts "have no authority to vacate an award solely because of an alleged error in contract interpretation. Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co. of Pittsburgh, 933 F.2d 1481, 1486 (9th Cir. 1991). Rather, "[w]e need only determine whether the arbitrators' interpretation was 'plausible.'" Id. (citations omitted).

Respondents argue that two conclusions in the Court's order granting petitioners' motion to confirm the Final Award were in error. First, respondents contend that the Court erroneously held that the APA can be construed rationally to impose liability for attorneys' fees on Robinson and Morgan Creek. Dkt. 67 at 13. Second, respondents contend that the Court erred in concluding that the arbitrator acted within his discretion when he found that the doctrine of equitable estoppel "can not only bind Robinson and Morgan Creek to APA [S]ection 21, but also impose (joint and several) attorneys-fees liability on them." Dkt. 80 at 2. The Court addresses each of these arguments in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

1. <u>The Arbitrator's Interpretation of Section 21</u>

Respondents cite case law from the Ninth Circuit and Maryland state court for the position that the arbitrator's interpretation of the APA must "be guided by the APA's context" and the parties' intentions and must not permit an absurd or unreasonable result. Dkt. 67 at 13 (citing <u>Lagstein</u>, 607 F.3d at 642. According to respondents, "both the relevant context and the parties' intentions" render Section 21 not susceptible to the arbitrator's interpretation. Dkt. 67 at 14. Respondents appear to argue that because the arbitrator found that Morgan Creek and Robinson were bound by Section 21 of the APA, they are effectively parties to the agreement, and the agreement should be construed in line with their presumed intent. Respondents contend that Robinson and Morgan Creek would have never intended for the APA to be construed to hold them liable for attorneys' fees when they were not found liable under any other theory. <u>Id.</u> at 15.

The Court finds this argument to be unavailing and untimely, as respondents failed to raise it prior to the Court's ruling on the motion to confirm. Vacatur of an arbitration award is proper when an award is "completely irrational," and "[a]n award is completely irrational only where the arbitration decision fails to draw its essence from the agreement." <u>Lagstein</u>, 607 F.3d at 642 (internal quotation marks and citations omitted). As the Court previously concluded, the arbitrator's determination that the APA only contemplated one prevailing party to whom fees could be awarded was based on his rational interpretation of Section 21. <u>See</u> dkt. 56 at 17-18.

Respondents are correct that a determination of whether an award "draws its essence from the agreement" should be made in light of the context and the contracting parties' intent. <u>See</u> <u>Bosack v. Soward</u>, 586 F.3d 1096, 1106 (9th Cir. 2009) (quoting <u>McGrann v. First Albany Corp.</u>, 424 F.3d 743, 749 (8th Cir. 2005) (explaining that an award "draws its essence from the agreement if the award is derived from the agreement, viewed in light of the agreement's language and context, as well as other indications of the parties' intentions"). But the Court does not take this to mean that the APA should be interpreted to avoid the imposition of liability of attorneys' fees on Morgan Creek and Robinson because such a result is unfavorable for them. Further, the contention that the APA should be construed in light of the presumed intentions of Morgan Creek and Robinson, who were not signatories and who were only bound by Section 21 on equitable estoppel grounds, stretches common sense, and respondents have not cited any case law to support it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

    Respondents analogize to a hypothetical situation in which Morgan Creek and Robinson are signatories to the APA and the Azod parties file two separate arbitration proceedings: one against Cecilia and one against Morgan Creek. Dkt. 67 at 17. If the Azod parties prevailed against Cecilia but did not prevail in the separate proceedings against Morgan Creek, respondents contend that it would be absurd to hold Morgan Creek liable for attorneys' fees. Id. But this hypothetical situation is not the present case. There was only one arbitration, in which all of the parties took part, and which the arbitrator interpreted to constitute one "dispute" for the purposes of awarding attorneys' fees. As previously concluded, this determination was not "completely irrational," and, under the highly deferential standard for reviewing arbitration decisions, the Court may not "decide the rightness or wrongness of the arbitrator's contract interpretation." Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1024 (9th Cir. 1991).

    To the extent that this analogy is an attempt to argue that Morgan Creek and Robinson were only subject to liability for attorneys' fees due to petitioners' decision to pursue one (as opposed to separate) arbitration proceeding against all respondents, this contention disregards the arbitrator's reasoning. Morgan Creek and Robinson, as nonparties to the APA, could have avoided liability under Section 21 by not asserting a right to fees under that provision. It was ultimately that assertion, not petitioners' decision to pursue one arbitration agreement, that resulted in Morgan Creek and Robinson's liability for fees. See Dkt. 43-1, Exh. I at 13-14, 17 (concluding that Robinson and Morgan Creek could be equitably estopped from denying liability under Section 21 because they "claim a benefit under Section 21 while disclaiming any liability under it. This is inequitable; they cannot use Section 21 as both a sword and a shield").[2]

---

[2] At oral argument, counsel for respondents made an argument, which he previously made in opposition to the motion to confirm the arbitration award but did not raise in the motion for reconsideration, that the arbitrator's use of equitable estoppel was improper in light of his finding that petitioners were the prevailing party. He contended that because the arbitrator had determined that petitioners were the prevailing party before respondents requested fees, respondents never had a right to fees, and equitable estoppel cannot bar a party from claiming a right that it never had. In support of this contention, respondents cite Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC for the rule that "a party claiming fees must 'establish that the opposing party *actually* would have been entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                       'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

Finally, respondents point out that the Maryland cases cited by the arbitrator in his determination that there could only be one prevailing party involved a single plaintiff and a single defendant. Id. at 19. Thus, respondents argue, those cases are inapposite. Id. This argument misinterprets the Court's role in reviewing arbitration decisions. "[M]anifest disregard . . . requires something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand and apply the law." Collins, 505 F.3d at 879 (quoting San Martine, 293 F.2d at 801). "[T]o demonstrate manifest disregard, [respondents] must show that the arbitration underst[oo]d and correctly state[d] the law, but proceed[ed] to disregard the same." Collins, 505 F.3d at 879 (quoting San Martine, 293 F.2d at 801). Respondents' contention that the Maryland case law is unpersuasive because they involve some distinguishable facts falls far short of evidence that the arbitrator was "aware of the law and intentionally disregarded it." Lincoln Nat'l Life Ins. Co. v. Payne, 374 F.3d 672, 675 (8th Cir. 2004).

In short, the Court concludes that its determination that the arbitrator's interpretation of Section 21 survives the limited review under the FAA does not warrant reconsideration.

    2.  <u>The Arbitrator's Use of Equitable Estoppel</u>

Respondents argue that the arbitrator improperly applied the doctrine of equitable estoppel to deem Morgan Creek and Robinson liable for attorneys' fees. Dkt. 67 at 19. Respondents contend that the "conclusion that Robinson and Morgan Creek triggered the equitable-estoppel doctrine by moving for attorney[s'] fees, *even if correct*, would mean only that Robinson and Morgan Creek were bound by the attorney[s'] fee clause in Section 21 of the APA" and "would not automatically [justify] the further conclusion that Robinson and Morgan Creek are part of a (collective) non-prevailing 'side.'" Id. at 20. Respondents further contend that the arbitrator's use of equitable estoppel was motivated

---

receive them if he or she had been the prevailing party.'" 162 Cal. App. 4th 858, 899 (2008) (quoting Leach v. Home Savings & Loan Assn., 185 Cal. App. 3d 1295, 1307 (1986)). As the Court previously found, this rule is not inconsistent with the arbitrator's conclusion. The relevant question is not whether respondents were found to be the prevailing party; rather, it is whether they would have been entitled to fees if they *were* the prevailing party, as defined by Section 21. The fact that the arbitrator ultimately found that respondents did not have a right to fees because they were not the prevailing party does not undermine his reliance on equitable estoppel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

by his determination that Cecilia was judgment proof because it lacked assets and by a desire to "pierce the corporate veil." Id. at 20-21. Respondents contend that "[t]here is no other explanation for either his sword/shield metaphor or his statement that Cecilia is judgment proof." Id. at 21.

As the Court previously concluded, respondents' arguments conflate the arbitrator's analyses and overstate the scope of the arbitrator's application of equitable estoppel. The arbitrator interpreted Section 21 of the APA to contemplate only one prevailing party to whom attorneys' fees could be awarded. Having concluded that the Azod parties, who had pursued arbitration against all of the Robinson parties, were the one prevailing "party" to whom the parties who were not the prevailing party owed fees, the arbitrator applied the doctrine of equitable estoppel to find that the Morgan Creek and Robinson could not escape liability under Section 21 on account of their not being signatories because they had attempted to enforce Section 21 to their benefit. Respondents have failed to show that this conclusion was so unsound that it was completely irrational or a manifest disregard of the law under § 10(a)(4).

Further, the Court is not persuaded by respondents' contention that the arbitrator was improperly motivated by Cecilia's lack of assets. The sword/shield metaphor used by the arbitrator is reasonably interpreted as an explanation of the type of conduct equitable estoppel seeks to prevent. The doctrine seeks to prevent a party from claiming a right under a provision while relying on the same provision to shield itself from liability. See Seney v. Rent-A-Ctr., Inc., 909 F. Supp. 2d 444, 453-54 (D. Md. 2012), aff'd 738 F.3d 631 (4th Cir. 2013) ("[O]ne cannot claim a benefit of a contract and simultaneously avoid its burdens; to do so would be inequitable."). Here, the arbitrator concluded that respondents could not rely on Section 21 to impose liability for fees on petitioners (i.e., use Section 21 as a "sword") while denying liability under Section 21 as non-signatories (i.e., using Section 21 as a "shield"). Nothing in this conclusion suggests that the arbitrator was attempting to pierce the corporate veil. As to the statement that Cecilia is judgment proof, the Court will not interpret this as a ground for vacatur where the arbitrator's factual findings and conclusions of law otherwise support application of equitable estoppel.[3]

---

[3] At oral argument, counsel for respondents raised several additional arguments that the Court addressed in the order on the motion to confirm the arbitration award. See dkt. 56. Specifically, counsel for respondents contended that the arbitrator acted unfairly by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                                                 'O'

| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
|---|---|---|---|
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

        3.       <u>Timeliness of Respondents' Request to Vacate</u>

      Finally, contrary to respondents' contention, the Court did conclude that respondents' request to vacate the Final Award was time-barred. <u>See</u> dkt. 56 at 10 ("Here, the request to vacate raised in respondents' opposition to petitioners' motion to confirm was untimely under both the FAA and Maryland law, which require filing within ninety days and thirty days of issuance of the final award, respectively."). The FAA provides that any "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Maryland law requires that a petition to vacate be filed within thirty days of issuance of the arbitration award. Dkt. 51 at 2. The timing requirements for moving to vacate an arbitration award apply both to motions to vacate and to requests to vacate in oppositions to motions to confirm. <u>Brotherhood of Teamsters & Auto Truck Drivers v. Celotex Corp.</u>, 708 F.2d 488, 490 (9th Cir. 1983) ("[An] unsuccessful party at arbitration who did not move to vacate the award within the prescribed time may not subsequently raise, as affirmative defenses in a suit to enforce the award, contentions that it could have raised in a timely petition to vacate the award.").

      Here, the Final Award was issued and served on the parties on May 18, 2022, and, to comply with the three-month rule in the FAA, respondents were required to serve petitioners with a notice to vacate, modify, or correct no later than August 18, 2022. Respondents' request to vacate in their opposition was filed on September 26, 2022, over one month after the August 18, 2022 deadline. <u>See</u> dkt. 43. Thus, respondents' request to vacate was untimely under both the FAA and Maryland law. Respondents' failure to file a timely request for vacatur in this Court serves as another ground for confirmation of

---

making representations in the Interim Final Award and in scheduling orders that he ultimately did not adopt in the Final Award. Because respondents already raised these exact arguments in opposition to the motion to confirm the award, they are improperly raised in connection with a motion for reconsideration. <u>See</u> L.R. 7-18. Furthermore, as the Court previously concluded, the arbitrator acted within his broad authority when he chose not to adopt interim determinations. <u>See</u> dkt. 56 at 13-14. And respondents were given—and took advantage of—many opportunities to thoroughly litigate the issues before the arbitrator, over the course of the approximately three year-long arbitration. <u>Id.</u> Under these circumstances, respondents have not shown that they were deprived of a "fundamentally fair hearing," in violation of FAA § 10(a)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL 'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-CV-05214-CAS (MRW) | Date | January 30, 2023 |
| Title | ARMIN AZOD, ET AL. V. JAMES G. ROBINSON, ET AL. | | |

the Final Award. See Lagstein, 607 F.3d at 640 ("Unless the award is vacated as provided in § 10, or modified as provided in § 11 . . . , 'confirmation is required even in the face of erroneous findings of fact or misinterpretations of law.'" (quoting Kyocera, 341 F.3d at 997).

### V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** respondents' motion to alter or amend final judgment.

IT IS SO ORDERED.

| | 00 : 20 |
|---|---|
| Initials of Preparer | CMJ |