UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Armin Azod
Amanda Fleming

Attorneys Present for Defendants:
Fred Heather
Adam Pines

**Proceedings:**     ZOOM HEARING RE: MOTION OF RESPONDENTS JAMES ROBINSON AND MORGAN CREEK FOR RECONSIDERATION OF THE COURT'S 1/12/2026 ORDER (Dkt. 130, filed on January 26, 2026)

PETITIONERS' MOTION TO SUBSTITUTE PARTY PURSUANT TO FED. R. CIV. P. 25(a) (Dkt. 139, filed on March 15, 2026)

## I.     INTRODUCTION AND BACKGROUND

The facts of this case are known to the parties. For the purposes of this motion, the following facts are relevant. On July 27, 2022, petitioners Armin Azod, Ramez Elgammal, Shantanu Sharma, Dong Zhang, and Peter John (the "Azod parties" or "Petitioners") filed a motion to confirm an arbitration final award against respondents James G. Robinson ("Robinson"), Morgan Creek Productions, Inc. ("Morgan Creek"), Cecilia, LLC ("Cecilia"), and Good Stuff, LLC ("Good Stuff") (collectively, the "Robinson parties" or "Respondents"). Dkt. 1. Robinson is the sole owner of Morgan Creek, Cecilia, and Good Stuff. Id. at 5-6.

The underlying arbitration involved a dispute between the Azod parties and the Robinson parties over the acquisition and financing of Novoform Technologies LLC ("Novoform"), a now-defunct company founded by the Azod parties that was engaged in the development of catalysts to be used in the processing of oil and gas. Dkt. 1-2, Arbitrator's Final Award ("Final Award") at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

On November 9, 2022, the Court granted the Azod parties' motion to confirm the arbitration award. Dkt. 56. On November 15, 2022, the Court entered final judgment in favor of the Azod parties and against the Robinson parties, confirming the arbitration final award in all respects. Dkt. 57 (the "Final Judgment"). Specifically, the Final Judgment ordered that (1) respondents Cecilia and Good Stuff pay petitioners contract damages in the amount of $905,636, plus prejudgment and post-judgment interest; (2) respondents Robinson, Morgan Creek, Cecilia, and Good Stuff pay petitioners attorneys' fees in the amount of $3,576,250, plus post-judgment interest; and (3) respondents Robinson, Morgan Creek, Cecilia, and Good Stuff pay petitioners costs in the amount of $862,171, plus post-judgment interest. Id.

On December 12, 2022, following entry of the Final Judgment, respondents filed a motion for reconsideration, dkt. 67, which the Court denied on January 30, 2023. Dkt. 87.

On December 15, 2022, respondents filed a notice of appeal to the Ninth Circuit, dkt. 71, which the Ninth Circuit denied on January 16, 2024. Dkt. 98.[1]

On September 24, 2025, the Azod parties filed a motion for a Court order to add Robinson and Morgan Creek to the Court's November 15, 2022 Final Judgment. Dkt. 115 ("Section 187 motion"). On January 12, 2026, the Court granted the Azod parties' motion. Dkt. 123 ("January 12, 2026 Order").

On January 26, 2026, Robinson and Morgan Creek filed the instant motion for reconsideration of the Court's January 12, 2026 Order. Dkt. 130 ("Mot. for reconsideration"). On March 2, 2026, the Azod parties filed an opposition. Dkt. 134 ("Opp. to reconsideration mot."). On April 6, 2026, Morgan Creek filed a reply. Dkt. 144 ("Reply to reconsideration mot.").

On February 25, 2026, Morgan Creek filed a Suggestion of Death of Respondent James G. Robinson, notifying the Court and the parties that former respondent Robinson died on February 15, 2026. Dkt. 131.

On March 15, 2026, the Azod parties filed the instant motion to substitute the personal representatives for the administration of the Estate of James G. Robinson ("the

---

[1] The Ninth Circuit's decision took effect on October 7, 2024, following the Supreme Court's denial of respondents' petition for a writ of certiorari. Dkt. 101.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

Estate") as parties in place of deceased former respondent Robinson, pursuant to Federal Rule of Civil Procedure 25(a).  Dkt. 139 ("Mot. to substitute").  On March 30, 2026, the Estate and its representatives filed an opposition.  Dkt. 142 ("Opp. to substitution mot.").  On April 6, 2026, the Azod parties filed a reply.  Dkt. 143 ("Reply to substitution mot.").

On April 20, 2026, the Court held a hearing.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Rule 25(a) Motion

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).  "A motion for substitution may be made by any party [but i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Id.  "Thus, in deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party."  Jewett v. Bishop, White Marshall & Weibel, P.S., 2013 WL 6818245, at *2 (C.D. Cal. Feb. 25, 2013).

### B.    Motion for Reconsideration

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law.  However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs."  Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

In addition, in the Central District of California, Local Rule 7-18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|----------|------------------------|------|----------------|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18. "[T]he grounds for reconsideration specified in L.R. 7-18 are the *exclusive* grounds for reconsideration in the Central District of California." Lorenzo Vargas v. City of Los Angeles, No. 2:16-cv-08684-SVW-AFM, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original); see also Chikosi v. Gallagher, 611 Fed. Appx. 429, 430 (9th Cir. 2015) (affirming denial of motion for reconsideration for failure to comply with L.R. 7-18).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); see also United States v. Mark, 795 F.3d 1102, 1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of discretion).

**III.    DISCUSSION**

**A.    Rule 25(a) Motion**

The Azod parties move this Court, pursuant to Federal Rule of Civil Procedure 25(a), for an order substituting the personal representatives for the administration of the Estate of James G. Robinson as parties in place of deceased former respondent Robinson. Mot. to substitute at i.

The Azod parties argue that their motion to substitute, filed on March 15, 2026, is timely because it was filed within 90 days after Respondent Morgan Creek filed a Suggestion of Death of James G. Robinson on February 25, 2025. Id. at 3. Moreover, the Azod parties argue that the Court's January 12, 2026 Order finding that Robinson was the alter ego of Cecilia, Good Stuff, and Morgan Creek is not extinguished because the claims against Robinson are not penal but remedial in nature. Id. at 3-4. The Azod parties argue that because "the underlying claim for damages arises from a civil breach of contract[] and the associated damages serve to remedy the parties that suffered from the breach," the claim against Robinson survives his death. Id. at 4 (citing cases). Finally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

the Azod parties argue that the personal representatives for the Estate—Michael Stanley and Michael Robinson—are the proper parties for substitution. Id. at 5.

In opposition, the Estate argues that the Azod parties' motion should be denied for five reasons: (1) the motion is procedurally improper under California Probate Code § 9670(a); (2) Petitioners improperly characterize the underlying action as a contract claim and fail to cite to any authority to support a finding that their Section 187 Motion survives the death of Robinson; (3) there is no underlying claim to survive because a Section 187 Motion is an equitable procedural device, not a "claim" or "cause of action"; (4) Petitioners are judicially estopped from arguing that their Section 187 Motion is a "claim" or "cause of action" because they have taken the position that amending a judgment under Section 187 is not a new 'dispute' or 'claim,' but a post-judgment enforcement mechanism; and (5) substituting the Estate would violate due process because the Estate did not exist at the time of the original arbitration proceeding or during the pendency of the Azod parties' Section 187 motion such that the Estate had control of the litigation and was virtually represented in the prior proceedings. See opp. to substitution mot. at 4-11.

In reply, the Azod parties argue that this action, a petition to confirm the arbitration award, arises under the Federal Arbitration Act, and that regardless of whether the New York Convention, 9 U.S.C. § 203, Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, or Maryland law governs the petition,[2] "the claim against Mr. Robinson in this Court is, in substance, a contract claim to enforce the parties' arbitration agreement." Reply to substitution mot. at 1. They argue that "[p]ursuant to the [parties'] [Asset Purchase Agreement], the Azod Parties have contractual rights to obtain and enforce arbitration awards," and that "[t]hose contract rights in the [Asset Purchase Agreement] arise under Maryland law." Id. at 1. "This is because the [Asset Purchase Agreement], which contains the arbitration clause, [states that it] 'shall be governed by and interpreted and enforced in accordance with the laws of the State of Maryland ….'" Id. at 2 (quoting dkt. 1-3, Asset Purchase Agreement ¶ 20). The Azod parties argue that because "[n]othing in Maryland law extinguishes the Azod Parties' claims, i.e., their contract rights to enforce their arbitration agreement and any resulting arbitration awards," the motion to substitute

---

[2] The Court previously declined to decide whether the New York Convention, 9 U.S.C. § 203, Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, or the Maryland Uniform Arbitration Act governs the petition. See dkt. 56 at 7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

under Rule 25 should be granted.  Id. at 2.  Moreover, they argue that "because Maryland has jurisdiction over the administration of Mr. Robinson's estate, California's procedural probate requirements have no application here and could never extinguish the claims at issue."  Id. at 2.

Rule 25(a)(1) states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. … If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a).  "[I]n deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party."  Jewett v. Bishop, White Marshall & Weibel, P.S., 2013 WL 6818245, at *2 (C.D. Cal. Feb. 25, 2013).

Here, the Azod parties' motion was timely under Rule 25.  Second, "[t]he question of whether an action survives the death of a party 'must be determined by looking towards the law, state or federal, under which the cause of action arose.'"  Scalia v. Cnty. of Kern, No. 1:17-CV-01097-NODJ-CDB, 2024 WL 664456, at *1 (E.D. Cal. Feb. 16, 2024) (citation omitted).  "The general rule is that statutory claims that are primarily penal in nature do not survive the death of the wrongdoer, while statutory provisions with a remedial purpose may survive."  Bracken v. Harris & Zide, L.L.P., 219 F.R.D. 481, 483 (N.D. Cal. 2004) (citing United States v. Oberlin, 718 F.2d 894, 896 (9th Cir. 1983) (affirming that actions for penalties do not survive the death of the plaintiff); Cont'l Assur. Co. v. Am. Bankshares Corp., 483 F. Supp. 175, 179 (E.D. Wis. 1980) (actions that are remedial in nature survive the death of the defendant)).  Here, the Court finds that the Azod parties effectively assert a contract claim against Robinson that was not extinguished by Robinson's death.  The Azod parties initiated their action in this Court to enforce an arbitration award for *contract* damages in their favor, see dkt. 1, and the Azod parties also previously moved pursuant to Federal Rule of Civil Procedure 69(a) and Section 187 of the California Code of Civil Procedure to add Robinson as a "judgment debtor[] on petitioners' breach of *contract* award."  Dkt. 123 at 3 (emphasis added).  Thus, for purposes of their Rule 25 motion, the Azod parties' underlying "claim" against Robinson is for breach of contract, which generally survives the death of a party to the dispute.  See Shaw v. Dauphin Graphic Machines, Inc., 240 F. App'x 177, 179 (9th Cir. 2007) ("Under the common law, claims arising out of contracts (claims ex contractu) generally survive the death of the claimant."); Produce Pay, Inc. v. FVF Distributors, Inc., 2022 WL 463929, at *3 (S.D. Cal. Feb. 15, 2022) (contract disputes are remedial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|----------|------------------------|------|----------------|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

and thus survive the death of a party) (citing <u>Fugnetti v. Bird B Gone, Inc.</u>, 2020 WL 6526363, at \*3 (C.D. Cal. Sep. 17, 2020) ("Claims arising out of contracts generally survive the death of a party.")).

Third, the personal representatives for the Administration of the Estate of James G. Robinson are the proper parties for substitution. <u>See Hilao v. Est. of Marcos</u>, 103 F.3d 766 (9th Cir. 1996) (applying Rule 25(a)(1) substitution to the legal representatives of the deceased's estate); <u>Mallonee v. Fahey</u>, 200 F.2d 918, 919 (9th Cir.1952) ("It is plain ... that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history; it is implicit in the wording of the provision and in the cases construing it.").

None of the Estate's representatives' arguments requires a contrary finding, and such arguments largely rely on the misplaced assumption that the Azod parties have not asserted any "claim" against Robinson. To the contrary, the Court's January 12, 2026 Order amended the Court's November 15, 2022 Final Judgment to add Robinson as a judgment debtor on the Azod parties' breach of contract claim that was resolved in the arbitration award, among other claims. Dkt. 123 at 20. In other words, the Court on January 12, 2026 entered judgment against Robinson on the Azod parties' breach of contract claim. The Estate's representatives are correct that amending a judgment to add an alter ego under Section 187 is an equitable procedure; however, the Estate's representatives misunderstand that the purpose and effect of a Section 187 procedure is to "insert[] the correct name of the real defendant" such that this defendant becomes jointly and severally liable for a claim to the extent that the defendant's alter ego is. <u>Greenspan v. LADT, LLC</u>, 191 Cal. App. 4th 486, 508 (2010) (cleaned up); <u>In re Davis</u>, 809 F. App'x 415, 416 (9th Cir. 2020) ("An alter ego finding 'makes the alter ego liable for the obligations of the [original defendant].'") (citation omitted). Thus, following the Court's granting of their Section 187 motion on January 12, 2026, the Azod parties obtained judgment on their breach of contract claim against Robinson. The breach of contract claim is therefore the relevant "claim" to be analyzed for purposes of the Azod parties' instant motion to substitute parties under Rule 25. As discussed, this breach of contract claim was not extinguished by reason of, and survives, Robinson's death. For these reasons, the Estate's arguments that the Azod parties' Section 187 motion is not a "claim"—and that the Azod parties are judicially estopped from arguing that their Section 187 motion is a "claim"—are misplaced.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　'O'

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

The Court also finds unpersuasive the Estate's representatives' argument that the Azod parties failed to comply with California Probate Code § 9670(a) before bringing their instant motion. To be sure, the Azod parties' previous motion to add Robinson as a judgment debtor was made pursuant to Rule 69(a), which provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). However, the Azod parties' instant motion is not a motion for a "writ of execution" brought pursuant to Rule 69(a); it is a motion to substitute the representatives of the Estate for Robinson under Rule 25. Accordingly, "the procedure of the state where the court is located," including California Probate Code § 9670(a), does not apply to the Azod parties' instant motion, which is governed by the requirements of Rule 25.

The Court likewise finds unpersuasive the Estate's representatives' argument that substituting the Estate's representatives for Robinson would violate their due process rights. The Estate's representatives are correct that "'[d]ue process requires that a party added to a judgment on alter ego grounds have had 'control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved.'" Bank of Montreal v. SK Foods, LLC, 476 B.R. 588, 601 (N.D. Cal. 2012) (citations omitted). In its January 12, 2026 Order, the Court found that adding Robinson as a judgment debtor to the Court's November 15, 2022 Final Judgment was consistent with Robinson's due process rights. Dkt. 123 at 19-20. However, the due process requirements of control over the litigation are applicable only in a Section 187 proceeding and not in a Rule 25 proceeding to substitute the proper party. The Estate's representatives do not cite to any authority suggesting that due process concerns are present when an Estate's representatives are substituted for a deceased party who was previously added to a judgment pursuant to Section 187, nor is the Court aware of any. Here, the deceased party Robinson was afforded the full opportunity to litigate the issue of whether he was the alter ego of the existing judgment debtors of the Court's November 15, 2022 Final Judgment. Robinson's Estate and its representatives do not have a due process right to relitigate this issue now because, under Rule 25, the Estate merely "steps into the same position as original party"—Robinson—who had already been afforded due process to litigate the issue. See Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|----------|------------------------|------|----------------|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

Accordingly, the Court **GRANTS** the Azod parties' motion to substitute the Estate's representatives for Robinson.

**B.      Motion for Reconsideration**

Robinson and Morgan Creek move the Court to reconsider its January 12, 2026 Order, which amends the Court's November 15, 2022 Final Judgment to add Robinson and Morgan Creek as judgment debtors. Mot. for reconsideration at 1. The movants argue that "the Court manifestly failed to consider numerous material facts that were presented to it prior to entry of the [January 12, 2026] Order." Id. at 3.

The movants argue that the January 12, 2026 Order overlooks "numerous material facts": (1) that the January 12, 2026 Order exceeds this Court's authority under the Federal Arbitration Act ("FAA"); (2) that no case supports imposing liability, pursuant to California Code of Civil Procedure Section 187, in these circumstances; (3) that the Azod parties are judicially estopped from denying that the movants' breach of contract liability was within the scope of the Arbitration Clause in the Asset Purchase Agreement; (4) that the arbitrator expressly found no wrongdoing by the movants; (5) that Morgan Creek is not part of a single enterprise with Cecilia and Good Stuff; (6) that the Arbitrator expressly found that the equities do not support imposing contract liability against the movants; (7) that the Azod parties learned no "new facts" regarding Cecilia's undercapitalization after entry of the arbitral award; and (8) the fact that manifest injustice would result from awarding interest during a period of the Azod parties' deliberate delay. Id. at 3-19.

In opposition, the Azod parties argue that the movants' motion is improper under Local Rule 7-18 and merely repeats arguments that the Court already rejected. First, the Azod parties argue that the motion "repeats the same arbitration clause/FAA argument Respondents raised in their Opposition and at the hearing." Opp. to reconsideration mot. at 4 (citing dkt. 118 at 12).

The Azod parties further argue that the movants' new statutory-preclusion argument—that the FAA's vacatur/modification provisions (9 U.S.C. §§ 10–11) are the "sole, mandatory mechanisms" for Petitioners to obtain any result that would affect Robinson and Morgan Creek's breach-of-contract exposure, and that Section 187 therefore cannot be used because Petitioners' "course of proceeding [was] specifically pointed out" by the FAA—is improper because this theory was fully available to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

movants during the original briefing that the Court considered in deciding its January 12, 2026 Order. Id. at 8-9. The Azod parties further argue that the movants' new theory fails on the merits because "it assumes the very point the Court rejected—i.e., that Section 187 'overturns' or 'reverses' the arbitral award." Id. at 9.

The Azod parties further argue that the Court already considered and rejected Robinson and Morgan Creek's arguments regarding judicial estoppel, the arbitrator's findings on Respondents' breach of contract liability, alter ego and single enterprise, the arbitrator's findings regarding the balance of equities, and Respondents' knowledge of Cecilia's undercapitalization. Id. at 10-18.

Finally, the Azod parties argue that the Court already considered and rejected Respondents' argument that interest should not accrue for the period from October 7, 2024 to September 24, 2025, because "Respondents' own conduct [in keeping Cecilia undercapitalized and judgment-proof] has caused post-judgment interest to accrue in this case." Id. at 16.

In reply, Morgan Creek[3] requests that its motion for reconsideration be stayed until the Court decides the Azod parties' motion to substitute. Reply to reconsideration mot. at 1. Morgan Creek further argues that "[i]f the motion to substitute is granted, then the Estate should be given a reasonable time to submit written argument on the Motion for reconsideration." Id. at 1. Substantively, in its reply, Morgan Creek largely repeats the arguments made in its initial motion. See id. at 3-12.

The Court finds it appropriate to defer consideration on Robinson and Morgan Creek's motion for reconsideration, given that the reply brief was made solely on behalf of respondent Morgan Creek and not on behalf of Robinson or the representatives of

---

[3] Counsel for Morgan Creek "submit[s] this reply solely on behalf of [Morgan Creek]" and not the Estate of James G. Robinson. Reply to reconsideration mot. at 1 (emphasis in original). Counsel states that "[b]ecause the Estate is not yet a party to the case, this reply is not being filed on behalf of the Estate, and it does not set forth the Estate's position on the Motion. It would be premature for the Estate to present argument on the Motion at this time, because the Estate's position is that it should not be a party to the case at all. Dkt. 141. This Reply argues solely on behalf of Morgan Creek. The Estate reserves the right to present argument on the Motion if and when it is made a party to the case." Id. (emphases in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | April 20, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

Robinson's Estate. Robinson. See id. at 1. Because the Court grants the Azod parties' Rule 25 motion to substitute the Estate's representatives for Robinson, the Court finds it appropriate to allow the Estate's representatives an opportunity to submit a reply on the motion for reconsideration. See Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996) (Under Rule 25, "[t]he substituted party steps into the same position as original party.").

**IV.     CONCLUSION**

The Court **GRANTS** the Azod parties' motion to substitute the personal representatives for the administration of the Estate of James G. Robinson as parties in place of deceased former respondent Robinson.

The Court **DEFERS CONSIDERATION** on Robinson and Morgan Creek's motion for reconsideration of the Court's January 12, 2026 Order. The representatives of the Estate of James G. Robinson shall file a reply to the motion for reconsideration on or before May 4, 2026. The hearing on the motion for reconsideration shall be rescheduled to May 18, 2026, at 10:00 A.M. by Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures and Schedules.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |