UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

Present: The Honorable      CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**      (IN CHAMBERS) - MOTION OF RESPONDENTS JAMES ROBINSON AND MORGAN CREEK FOR RECONSIDERATION OF THE COURT'S 1/12/2026 ORDER (Dkt. 130, filed on January 26, 2026)

## I.      INTRODUCTION AND BACKGROUND

The facts of this case are known to the parties. For the purposes of this motion, the following facts are relevant. On July 27, 2022, petitioners Armin Azod, Ramez Elgammal, Shantanu Sharma, Dong Zhang, and Peter John (the "Azod parties" or "Petitioners") filed a motion to confirm an arbitration final award against respondents James G. Robinson ("Robinson"), Morgan Creek Productions, Inc. ("Morgan Creek"), Cecilia, LLC ("Cecilia"), and Good Stuff, LLC ("Good Stuff") (collectively, the "Robinson parties" or "Respondents"). Dkt. 1. Robinson is the sole owner of Morgan Creek, Cecilia, and Good Stuff. Id. at 5-6.

The underlying arbitration involved a dispute between the Azod parties and the Robinson parties over the acquisition and financing of Novoform Technologies LLC ("Novoform"), a now-defunct company founded by the Azod parties that was engaged in the development of catalysts to be used in the processing of oil and gas. Dkt. 1-2, Arbitrator's Final Award ("Final Award") at 1.

On November 9, 2022, the Court granted the Azod parties' motion to confirm the arbitration award. Dkt. 56. On November 15, 2022, the Court entered final judgment in favor of the Azod parties and against the Robinson parties, confirming the arbitration final award in all respects. Dkt. 57 (the "Final Judgment"). Specifically, the Final

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

Judgment ordered that (1) respondents Cecilia and Good Stuff pay petitioners contract damages in the amount of $905,636, plus prejudgment and post-judgment interest; (2) respondents Robinson, Morgan Creek, Cecilia, and Good Stuff pay petitioners attorneys' fees in the amount of $3,576,250, plus post-judgment interest; and (3) respondents Robinson, Morgan Creek, Cecilia, and Good Stuff pay petitioners costs in the amount of $862,171, plus post-judgment interest. Id.

On December 12, 2022, following entry of the Final Judgment, respondents filed a motion for reconsideration, dkt. 67, which the Court denied on January 30, 2023. Dkt. 87.

On December 15, 2022, respondents filed a notice of appeal to the Ninth Circuit, dkt. 71, which the Ninth Circuit denied on January 16, 2024. Dkt. 98.[1]

On September 24, 2025, the Azod parties filed a motion for a Court order to add Robinson and Morgan Creek to the Court's November 15, 2022 Final Judgment. Dkt. 115 ("Section 187 motion"). On January 12, 2026, the Court granted the Azod parties' motion. Dkt. 123 ("January 12, 2026 Order").

On January 26, 2026, respondents Robinson and Morgan Creek filed the instant motion for reconsideration of the Court's January 12, 2026 Order.[2] Dkt. 130 ("Mot. for reconsideration"). On March 2, 2026, the Azod parties filed an opposition. Dkt. 134 ("Opp. to reconsideration mot."). On April 6, 2026, Morgan Creek filed a reply. Dkt. 144 ("Reply to reconsideration mot.").

On February 25, 2026, Morgan Creek filed a Suggestion of Death of Respondent James G. Robinson, notifying the Court and the parties that former respondent Robinson died on February 15, 2026. Dkt. 131.

On March 15, 2026, the Azod parties filed a motion to substitute the personal representatives for the administration of the Estate of James G. Robinson ("the Estate")

---

[1] The Ninth Circuit's decision took effect on October 7, 2024, following the Supreme Court's denial of respondents' petition for a writ of certiorari. Dkt. 101.
[2] Hereinafter, "Respondents" refers to Morgan Creek and Robinson.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

as parties in place of deceased former respondent Robinson, pursuant to Federal Rule of Civil Procedure 25(a).  Dkt. 139.

On April 20, 2026, the Court held a hearing and granted the Azod parties' motion to substitute the personal representatives for the administration of the Estate of James G. Robinson as parties in place of deceased former respondent Robinson.  Dkt. 148 at 11.  The Court deferred consideration on Robinson and Morgan Creek's motion for reconsideration of the Court's January 12, 2026 Order, "find[ing] it appropriate to allow the Estate's representatives an opportunity to submit a reply on the motion for reconsideration."  Id.

On May 4, 2026, the Estate of James G. Robinson filed a memorandum of points and authorities in support of Robinson and Morgan Creek's instant motion for reconsideration.  Dkt. 150 ("Memo. by Estate").

On May 18, 2026, the Court held a hearing.  Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law.  However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs."  Hall v. Haws, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted).

In addition, in the Central District of California, Local Rule 7-18 sets forth the grounds upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
| Title | Armin Azod et al v. James G. Robinson et al. | | |

change of law occurring after the Order was entered, or (c) a manifest
showing of a failure to consider material facts presented to the Court before
the Order was entered. No motion for reconsideration may in any manner
repeat any oral or written argument made in support of, or in opposition to,
the original motion.

C.D. Cal. L.R. 7-18. "[T]he grounds for reconsideration specified in L.R. 7-18 are the
*exclusive* grounds for reconsideration in the Central District of California." Lorenzo
Vargas v. City of Los Angeles, No. 2:16-cv-08684-SVW-AFM, 2018 WL 10231166, at
*2 (C.D. Cal. Nov. 14, 2018) (emphasis in original); see also Chikosi v. Gallagher, 611
Fed. Appx. 429, 430 (9th Cir. 2015) (affirming denial of motion for reconsideration for
failure to comply with L.R. 7-18).

"Whether or not to grant reconsideration is committed to the sound discretion of
the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation,
331 F.3d 1041, 1046 (9th Cir. 2003); see also United States v. Mark, 795 F.3d 1102,
1104 (9th Cir. 2015) (denial of motion for reconsideration reviewed for abuse of
discretion).

## III.    DISCUSSION

### A.    Motion for Reconsideration

Robinson and Morgan Creek move the Court to reconsider its January 12, 2026
Order, which amends the Court's November 15, 2022 Final Judgment to add Robinson
and Morgan Creek as judgment debtors. Mot. for reconsideration at 1. The movants
argue that "the Court manifestly failed to consider numerous material facts that were
presented to it prior to entry of the [January 12, 2026] Order." Id. at 3.

The movants argue that the January 12, 2026 Order overlooks "numerous material
facts": (1) that the January 12, 2026 Order exceeds this Court's authority under the
Federal Arbitration Act ("FAA"); (2) that no case supports imposing liability, pursuant to
California Code of Civil Procedure Section 187, in these circumstances; (3) that the Azod
parties are judicially estopped from denying that the movants' breach of contract liability
was within the scope of the Arbitration Clause in the Asset Purchase Agreement; (4) that
the arbitrator expressly found no wrongdoing by the movants; (5) that Morgan Creek is
not part of a single enterprise with Cecilia and Good Stuff; (6) that the Arbitrator

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

expressly found that the equities do not support imposing contract liability against the movants; (7) that the Azod parties learned no "new facts" regarding Cecilia's undercapitalization after entry of the arbitral award; and (8) the fact that manifest injustice would result from awarding interest during a period of the Azod parties' deliberate delay. Id. at 3-19.

In opposition, the Azod parties argue that the movants' motion is improper under Local Rule 7-18 and merely repeats arguments that the Court already rejected. Opp. to reconsideration mot. at 4 (citing dkt. 118 at 12). The Azod parties further argue that the movants' new statutory-preclusion argument—that the FAA's vacatur/modification provisions (9 U.S.C. §§ 10–11) are the "sole, mandatory mechanisms" for Petitioners to obtain any result that would affect Robinson and Morgan Creek's breach-of-contract exposure, and that Section 187 therefore cannot be used because Petitioners' "course of proceeding [was] specifically pointed out" by the FAA—is improper because this theory was fully available to the movants during the original briefing that the Court considered in deciding its January 12, 2026 Order. Id. at 8-9. The Azod parties further argue that the movants' new theory fails on the merits because "it assumes the very point the Court rejected—i.e., that Section 187 'overturns' or 'reverses' the arbitral award." Id. at 9. The Azod parties also argue that the Court already considered and rejected Robinson and Morgan Creek's arguments regarding judicial estoppel, the arbitrator's findings on Respondents' breach of contract liability, alter ego, the arbitrator's findings regarding the balance of equities, and Respondents' knowledge of Cecilia's undercapitalization. Id. at 10-18. Finally, the Azod parties argue that the Court already considered and rejected Respondents' argument that interest should not accrue for the period from October 7, 2024 to September 24, 2025, because "Respondents' own conduct [in keeping Cecilia undercapitalized and judgment-proof] has caused post-judgment interest to accrue in this case." Id. at 16.

In its memorandum, the Estate initially argues that its arguments should be considered *de novo* because "[the memorandum] is the Estate's first brief on the issue of Section 187 alter ego liability" and because the Estate "should not be bound by the Court's Order finding alter ego liability against [Robinson]." See Memo. by Estate at 1. The Estate also largely repeats the arguments made by Robinson and Morgan Creek in their motion. See id. at 7-12. The Estate also argues that the death of Robinson and the substitution of his Estate in Robinson's place are material new facts that justify the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

Court's reconsideration of its January 12, 2026 Order, given that it would be inequitable to impose Robinson's liability on the beneficiaries of Robinson's Estate. Id. at 2-3. The Estate further argues that because "[t]he Court's [April 20, 2026] Substitution Order finding that Petitioners' Section 187 Motion is, in fact, a 'claim' contradicts the Court's prior ruling that it is not a 'claim' but merely a post-judgment enforcement mechanism," the Court committed clear error that warrants reconsideration. Id. at 3-4. The Estate argues that if petitioners' Section 187 motion is a "new claim," it should have been barred by res judicata given the Arbitrator's Final Award; if petitioners' Section 187 claim is a continuation of their arbitral claim, it is barred by waiver. Id. at 4-7.

As an initial matter, the Court need not consider the Estate's arguments *de novo* because, following the Court's granting of the Azod parties' motion to substitute the personal representatives of the Estate in place of Robinson, dkt. 148, the Estate merely "steps into the same position as [Robinson]." See Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996) (Under Rule 25, "[t]he substituted party steps into the same position as [the] original party."). Moreover, the Estate's argument that it would be inequitable to impose Robinson's contractual liability on the beneficiaries of Robinson's Estate is without merit because breach of contract liability generally survives the death of a party to the dispute. See Shaw v. Dauphin Graphic Machines, Inc., 240 F. App'x 177, 179 (9th Cir. 2007) ("Under the common law, claims arising out of contracts (claims ex contractu) generally survive the death of the claimant."); Produce Pay, Inc. v. FVF Distributors, Inc., 2022 WL 463929, at *3 (S.D. Cal. Feb. 15, 2022) (contract disputes are remedial and thus survive the death of a party) (citing Fugnetti v. Bird B Gone, Inc., 2020 WL 6526363, at *3 (C.D. Cal. Sep. 17, 2020) ("Claims arising out of contracts generally survive the death of a party.")).

The Court denies Robinson and Morgan Creek's motion because it does not identify a proper ground for reconsideration pursuant to Local Rule 7-18, such as demonstrating that the Court failed to consider "material facts" presented to the Court before the entry of its January 12, 2026 Order. All of the "material facts" that Robinson and Morgan Creek contend that the Court "overlooked" are actually legal arguments improperly characterized as "facts," and these legal arguments have already been raised or could have been raised before the Court's issuance of the January 12, 2026 Order; thus, they are not proper on a motion for reconsideration. See C.D. Cal. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                 **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | | Date | May 18, 2026 |
|---|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | | |

in support of, or in opposition to, the original motion."); Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (citation omitted).

First, the Court already considered and rejected Respondents' and the Estate's arguments regarding the unavailability of Section 187 proceedings under the Federal Arbitration Act.[3] January 12, 2026 Order at 7-8 ("[T]he Asset Purchase Agreement's arbitration clause does not preclude this Court from amending its Final Judgment pursuant to Section 187."). To the extent that Respondents make new arguments regarding the preemptive effect of Federal Arbitration Act's vacatur and modification provisions, 9 U.S.C. §§ 10–11, mot. at 12-13, these new arguments may not be raised on a motion for reconsideration because they were fully available to Respondents prior to the Court's January 12, 2026 Order. Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may not be used to raise arguments or present

---

[3] The Estate argues that "[e]ither the arbitration resolved the breach of contract claim, and the Court heard a **new breach of contract claim** upon which it 'entered judgment against Robinson,' or the Court reversed the Arbitrator's Final Award, which Petitioners never sought to amend and the Court previously confirmed in its entirety. If it is the former, the result is barred by res judicata." Memo. by Estate at 5 (emphasis in original). Not so. The arbitration resolved the Azod parties' breach of contract claim, and on November 15, 2022, the Court entered final judgment in favor of the Azod parties and against the Robinson parties, confirming the Arbitrator's Final Award in all respects. Dkt. 57 (the "Final Judgment"). On January 12, 2026, the Court amended the Court's November 15, 2022 Final Judgment to add Robinson as a judgment debtor on the Azod parties' breach of contract claim, pursuant to Section 187 of the California Code of Civil Procedure, an equitable procedure. January 12, 2026 Order at 20. The effect of the Court's January 12, 2026 Order was that judgment was entered against Robinson on the Azod parties' breach of contract claim, an outcome that is not barred by the res judicata effect of the Arbitrator's Final Award. Id. at 7-8. In its January 12, 2026 Order, the Court did not adjudicate a "new breach of contract claim" against Robinson—the Court merely added Robinson as a judgment debtor pursuant to Section 187 because it found that Robinson was the alter ego of Cecilia, an entity subject to liability under the Court's November 15, 2022 Final Judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

evidence for the first time when they could reasonably have been raised earlier in the litigation.") (citation omitted).  Moreover, this argument is without merit because a Section 187 proceeding does not overturn any arbitral award or affect the Court's "confirming [such] award" in violation of 9 U.S.C. § 9 or any other section of the Federal Arbitration Act.  As discussed, Section 187 is an equitable procedure that "insert[s] the correct name of the real defendant," NEC Elecs. v. Hurt, 208 Cal. App.3d 772, 778 (1989), and "the procedure … is equally available after both ordinary civil judgments and confirmed arbitration awards."  Syscom (USA), Inc. v. Nakajima USA, Inc., No. CV1407137ABJPRX, 2020 WL 5357784, at *4 (C.D. Cal. Jan. 29, 2020).

Second, the Court already considered and rejected Respondents' argument that no case supports imposing liability, pursuant to California Code of Civil Procedure Section 187, in these circumstances.  January 12, 2026 Order at 7-8 (citing Syscom (USA), Inc. v. Nakajima USA, Inc., No. CV1407137ABJPRX, 2020 WL 5357784, at *4 (C.D. Cal. Jan. 29, 2020); Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Ctr. Bd., 41 Cal. App. 4th 1551, 1554-55 (1996); Internet Direct Response, Inc. v. Buckley, No. SA CV 09-1335 ABC, 2011 WL 835607, at *4 n.4 (C.D. Cal. Mar. 7, 2011); Greenspan v. LADT, LLC, 191 Cal. App. 4th 486, 508 (2010)).  The Court was simply not persuaded by Respondents' attempt to distinguish the facts of these cases from the instant case.  In any event, the local rules do not permit such re-litigation on a motion for reconsideration. See C.D. Cal. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."); see also Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'").

Third, although not explicitly discussed in its January 12, 2026 Order, the Court already considered and rejected Respondents' argument that the Azod parties are judicially estopped from denying that Respondents' breach of contract liability was within the scope of the arbitration clause.  Even assuming that the Azod parties' current position—that the issue of Section 187 alter ego liability falls outside the scope of mandatory arbitration—is "clearly inconsistent" with the Azod parties' position in the arbitration, judicial estoppel would not apply because Respondents never "succeeded in persuading a court to accept that [the Azod parties'] earlier position." Hamilton v. State

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001).  This is so because the alter ego issue was never decided by the arbitrator.  Dkt. 1-2 at 104 (In his Final Award, the arbitrator stated that the "piercing the corporate veil theory was never litigated.").  Moreover, even if the Azod parties adopted an inconsistent position on whether alter ego was within the scope of arbitration, such inconsistency could not "impose an unfair detriment on [Respondents]," Hamilton, 270 F.3d at 783, because "the procedure for adding judgment debtors under section 187 is equally available after both ordinary civil judgments and confirmed arbitration awards."  Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Ctr. Bd., 41 Cal. App. 4th 1551, 1554-55 (1996).  Judicial estoppel did not preclude the Azod parties from properly bringing their Section 187 motion to add Morgan Creek and Robinson as judgment debtors to the Court's November 15, 2022 Final Judgment.  Relatedly, the Court already considered and rejected the Estate's argument that the Azod parties' Section 187 motion was barred by waiver.  January 12, 2026 Order at 5-6 ("[T]he Azod parties have not waived their right to bring their present motion to amend this Court's Final Judgment.").

Fourth, the Court already considered and rejected Respondents' argument regarding the res judicata effect of the arbitrator's finding on the scope of Respondents' breach of contract liability.  The Court found that "Section 187 is merely an equitable procedure that 'inserts the correct name of the real defendant' as opposed to a determination of liability as to specific defendants or an adjudication of rights or obligations under the Asset Purchase Agreement."  January 12, 2026 Order at 7 (citation omitted).  Accordingly, the Court implicitly considered and rejected the relevance of the arbitrator's findings on the scope of Respondents' breach of contract liability in Section 187 proceedings.  See id.

Fifth, the Court already considered and rejected Respondents' argument that Morgan Creek is not part of a single enterprise with Cecilia and Good Stuff.  January 12, 2026 Order at 14 (finding that "the evidence indicates that Morgan Creek, Cecilia, and Good Stuff operated as a single enterprise for Robinson's transaction with the Azod parties.").

Sixth, the Court already considered and rejected the relevance of the arbitrator's finding that the equities do not support imposing contract liability on Robinson and Morgan Creek for purposes of the Section 187 proceeding.  As discussed, the Court found that "Section 187 is merely an equitable procedure that 'inserts the correct name of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

the real defendant' as opposed to a determination of liability as to specific defendants or an adjudication of rights or obligations under the Asset Purchase Agreement." January 12, 2026 Order at 7 (citation omitted).

Seventh, the Court already considered and rejected Respondents' argument that the Azod parties learned no "new facts" regarding Cecilia's undercapitalization after entry of the arbitral award. The Court found that the evidence indicated that Cecilia and Good Stuff's bank accounts were closed after entry of the arbitral award—"new facts" that were not in existence during the arbitration. See January 12, 2026 Order at 6.

Finally, the Court already implicitly considered and rejected Respondents' argument that it would be unjust to award interest to accrue for the period from October 7, 2024, "when [the Azod parties] first indicated that they planned to file the [Section 187] Motion," and September 24, 2025, when the Azod parties filed their motion. Mot. at 18-19. By granting the Azod parties' motion to amend the Court's November 15, 2022 Final Judgment to add Morgan Creek and Robinson as judgment debtors, the Court necessarily also considered that adding Morgan Creek and Robinson as debtors to the Final Judgment would require them to pay post-judgment interest on costs and on the applicable post-judgment interest "from the date of entry of this judgment [on November 15, 2022] until full and final payment." Dkt. 57 at 4. At the oral argument on the Azod parties' Section 187 motion, Respondents raised this issue, and the Court indicated that imposing such post-judgment interest on Robinson and Morgan Creek would be proper because "it was in the purview of [Robinson and Morgan Creek] to pay the judgment" promptly to avoid post-judgment interest. Dkt. 128, 1/12/2026 Tr., at 15:4-6.

Post-judgment interest applies to judgment debtors added under Section 187 proceedings because pursuant to such proceedings, "the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant [to the prior judgment]." NEC Elecs. v. Hurt, 208 Cal. App.3d 772, 778 (1989). The obligations of the judgment apply with full force to the party who has been added as a judgment debtor under Section 187. While "the equitable defense of laches may be asserted as a defense to a section 187 motion to amend a judgment to add a judgment debtor," Highland Springs Conf. & Training Ctr. v. City of Banning, 244 Cal. App. 4th 267, 288 (2016), Respondents have not demonstrated that the Azod parties were unreasonably delayed in bringing their Section 187 motion. "No statute of limitations applies to a section 187 motion to amend a judgment to add a judgment debtor," id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-05214-CAS-MRWx | Date | May 18, 2026 |
|---|---|---|---|
| Title | Armin Azod et al v. James G. Robinson et al. | | |

287, and the Azod parties contend that "[t]he time … required to prepare and bring their motion was a direct function of the work involved and nothing more." Opp. at 17. Because Robinson and Morgan Creek provide no evidence to the contrary,[4] the Court finds that they may not assert the defense of laches to the Azod parties' Section 187 motion.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Robinson and Morgan Creek's motion for reconsideration of the Court's January 12, 2026 Order.

The Azod parties shall submit a proposed form of judgment within fourteen (14) days of the date of this Order. Thereafter, Morgan Creek and the personal representatives for the Estate of James G. Robinson shall submit their objections, if any, within seven (7) days.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[4] In their instant motion, Robinson and Morgan Creek assert in a conclusory fashion that the Azod parties' "delay appears to have been to increase their interest." Mot. at 19.